WALKER F. McFALL, Appellant, v. DONALD GRAY MURRAY ET AL.—
117 S. W. (2d) 330.

Division One, May 26, 1938.

*Maurice H. Winger, O. J. Adams* and *Davis & Davis* for appellant.

*A. B. Cleveland* for respondents.

FRANK, P. J.—Action to partition certain real estate located in Caldwell County. One James C. Murray owned said real estate during his lifetime subject to a deed of trust securing the payment of a promissory note in the principal sum of $800. Upon the death of James C. Murray the land descended to his seven children or their descendants subject to the lien of said deed of trust.

After the death of James C. Murray, appellant acquired an undivided one-seventh interest in the land from one of the heirs. He also purchased the $800 note secured by the deed of trust aforesaid. Thereafter, on May 11, 1933, he instituted this partition suit, alleging in his petition the interest of each of the parties in said land; that he was the owner of an undivided one-seventh interest therein, describing it; that he was also the owner of the $800 note secured by a first deed of trust on all of said land; that the undivided interest of defendant, John Guy Murray and of defendant, Donald Gray Murray were each encumbered by a deed of trust, second to plaintiff's first deed of trust.

The petition asked that said land be partitioned but alleged that partition in kind could not be made without great prejudice to the rights of the owners thereof, then prayed that said land be ordered sold, etc.

The separate answer of defendants Donald Gray Murray, John Guy Murray and Cora E. Bowers admitted that the interest of each of the parties in the land was correctly alleged in the petition, and asked that commissioners be appointed for the purpose of making partition of said land in kind.

The separate answer of minor defendants, Mary Louise Murray and Billie Murray, by their guardian *ad litem* was a general denial.

On March 24, 1934, at the March Term, the court rendered an interlocutory decree in partition. The interlocutory decree together with plaintiff's exceptions to the report of the commissioners in partition is abstracted by plaintiff as follows:

### Interlocutory Decree.

"By which said interlocutory decree the court found, ascertained and determined the rights of the parties in and to said real estate described in said amended petition and found said real estate and the interest of all parties to said action in and to said real estate to be subject to the deed of trust, $800.00 (and interest thereon), and that the same was owned by plaintiff and was a first and valid lien on such real estate. Also found that plaintiff was the owner of the notes and deed of trust, which was a lien on the interest of Donald Gray Murray in such real estate and found that the land was

susceptible to a division in kind and ordered that partition be made and appointed three commissioners to make partition and division of said real estate among the parties thereto.

"Said report of the commissioners in partition did allot and set off to plaintiff about twenty acres of the tract to be partitioned, and set off to the other parties in said action all the remainder of said land. No mention was made or provision made in said report with respect to the deeds of trust held by plaintiff which were a lien on all of said real estate.

"On the 6th day of July, 1934, plaintiff filed in said court his exceptions to said report of said commissioners, objecting and excepting thereto for numerous reasons, among others, that said report ignored and did not take into consideration the several deeds of trust and encumbrances mentioned and set forth in the interlocutory decree and allots to the defendants all the real estate except 18.93 acres allotted to plaintiff, free and clear of all of the encumbrances found by the court in said interlocutory decree to be valid and subsisting liens."

Thereafter, plaintiff, ignoring the proceedings thus far had in the partition suit, requested the trustee to foreclose his $800 deed of trust. The deed of trust was foreclosed by the trustee named therein, and said land was sold by him at public auction on July 30, 1934. Plaintiff was the highest bidder for said land at said sale, for the sum of $1,325, and said land was struck off and sold to him at that price. Thereupon, a trustee's deed was executed conveying the land to plaintiff, and said deed was thereupon recorded in the office of the Recorder of Deeds of Caldwell County.

Thereafter, on December 3, 1934, certain of the defendants filed a motion in the partition suit asking that the sale of the land under plaintiff's deed of trust be set aside and cancelled because said sale was void for the reasons alleged in defendants' said motion.

Thereafter, on February 14, 1935, plaintiff tendered to the court for filing a written dismissal of his partition suit. The court directed the clerk not to file same.

Thereafter, on the same day plaintiff filed a written application praying the court to grant him permission to dismiss the partition suit and pay the costs thereof, which application the court thereupon denied.

Thereafter, on the same day plaintiff filed answer to defendants' motion to set aside the sale under plaintiff's deed of trust. In said answer plaintiff first asserted that the court had no jurisdiction to entertain said motion or grant any relief thereunder, then pleaded to the merits of the motion, alleging among other things, his reasons why the sale under the deed of trust was valid and why the trustee's

deed conveyed a good title to all of the land to plaintiff, and praying' that defendants' motion be dismissed.

The court heard the issue presented by defendants' motion and plaintiff's answer thereto. Evidence pro and con was offered by the parties. On March 27, 1935, the court sustained defendants' motion and adjudged and decreed that the sale had under plaintiff's deed of trust be set aside, and that the trustee's deed executed pursuant to said sale conveying the land to plaintiff be cancelled and for naught held.

Thereafter, on application of plaintiff, an appeal was granted to this court from the judgment of the court on defendants' said motion.

It is settled law that parties may bring to the attention of the court by amended or supplemental pleadings facts occurring after the institution of the suit which are pertinent to the issues made by the original pleadings. [Reyburn v. Mitchell, 106 Mo. 365, 16 S. W. 592; Ward v. Davidson, 89 Mo. 445, 1 S. W. 846; Bush v. Block & Titus, 193 Mo. App. 704, 187 S. W. 153; Nave v. Adams, 107 Mo. 414, 17 S. W. 958; Cohn v. Souders, 175 Mo. 455, 75 S. W. 413.] As illustrative of this holding we quote from Reyburn v. Mitchell, supra, the following:

"We do not think the court committed error in permitting the amendment to the petition, making it correspond to the changes which had occurred since the commencement of the suit, nor in allowing new parties who had become interested in the property to be brought in. Amendments are favored, and should be liberally allowed in furtherance of justice. [R. S. 1879, secs. 3568, 3572.]"

In Bush v. Block, supra, the same question was at issue. In the disposition of the question, the court said:

"It is also urged that the court had no authority to allow the amended petition to be filed after the case had been tried and submitted. As heretofore stated, the only addition made to the original petition by the amended one was to make Titus a party and set up the transfer to him of the equity of redemption since the submission. It was perhaps necessary to the validity of any judgment that might be rendered in plaintiff's favor that Titus be made a party. . . . The amended petition was confined to the same subject matter as before. The new facts alleged were not inconsistent with the facts on which the case was tried. Indeed, the same facts were alleged and the new facts were merely those arising since the submission of the case and in no way affecting the issues involved, but did perhaps affect the validity of any judgment that might be rendered for plaintiff. Hence the amendment was proper."

In the instant case the sale of the land under plaintiff's deed of trust, and the conveyance of the land by the trustee to plaintiff,

occurred after the partition suit was brought, and after the rendition of the interlocutory judgment in partition fixing the interests of the parties. If the sale under the deed of trust was a valid sale, plaintiff was then the sole owner of all the land. On the other hand, if the sale was void, the title and interest of the parties remained the same as adjudged in the interlocutory decree in partition. Without doubt the court had jurisdiction to take cognizance of an alleged change in ownership of the property occurring after the suit was brought and at any time before final judgment. Since the court had such jurisdiction, the conclusion must follow that it had jurisdiction to adjudge the validity or invalidity of the sale under the deed of trust, in order to ascertain and fix the ownership of the property, and thus be in a position to render a final judgment in the partition suit in accordance with the actual facts regarding the ownership of the property at that time.

No useful purpose would be served in holding, as the courts do hold, that the parties may bring to the attention of the court new facts arising after the institution of the suit, unless the court has jurisdiction to take cognizance of such facts and determine what influence, if any, they have on the pending action.

Whether or not the validity of the sale was properly presented to the court by defendants' motion and plaintiff's answer thereto, instead of by supplemental pleadings, or by amendment of the original pleadings, we need not now determine for reasons hereafter stated. If it was improper to bring the fact of the sale to the attention of the court by motion and answer thereto, as was done, that was a procedural error in the exercise of jurisdiction which can be corrected by appeal from the final judgment in partition, if and when that judgment is rendered. The record does not show that the final judgment has been rendered.

The right of appeal is purely statutory, and if the statute does not give such right it does not exist. The statute gives the right of appeal in partition actions from the interlocutory judgment and from the final judgment. [Sec. 1018, R. S. 1929.]

The appeal in this case was not from either the interlocutory or the final judgment in the case. It was from the judgment on defendants' motion to set aside the sale under the deed of trust. As heretofore pointed out, the only statutory authorization for an appeal in a partition suit is from the interlocutory and the final judgment. Since the sale under the deed of trust, as well as the judgment setting this sale aside, both occurred after the rendition of the interlocutory decree in partition fixing the interests of the parties, plaintiff should have awaited the rendition of the final judgment and appealed from that judgment. An appeal from the final judgment would have

brought up for review all of the alleged errors in the partition suit, including the alleged error of the court in setting aside the sale under the deed of trust. The appeal taken after the interlocutory judgent and before final judgment was premature.

Plaintiff raises other questions, among them, the alleged error of the court in refusing to permit him to dismiss the partition suit before final submission.

Since the appeal was premature, it brought up nothing for review. For this reason the appeal herein should be dismissed. It is so ordered. All concur.