CARLOTTA M. WETMORE v. PAUL WILLIAM BERGER, Appellant.—No. 39386.—188 S. W. (2d) 949.

Division One, July 2, 1945.

*Leon M. Feigenbaum* and *Jesse E. Bishop* for appellant.

*Edwin Rader* and *T. Douglas Moore* for respondent.

160

■ BRADLEY, C.—Action to determine title to a lot in University City, St. Louis County. Defendant, on January 23, 1943, at the January term, for amended answer, alleged that plaintiff claimed some interest in the lot and denied generally other allegations of the petition. Then defendant cross complained and asked that title be adjudged to be in him. At the September term, and on October 4, 1943, a motion to strike certain parts of the crossbill was sustained, and on February 23, 1944, at the January term, a general demurrer to the remaining part of the answer and crossbill was sustained. Defendant did not plead further, and on April 12, 1944, during the January term, "the court, by an order duly made and entered of record, granted plaintiff a default and inquiry in said cause." On May 31, 1944, at the May term, plaintiff testified briefly, introduced her collector's deed, and fee title was adjudged to be in her, and it was adjudged that defendant had no right, title or interest in said lot, and he appealed.

Defendant (appellant) filed a motion, which was taken with the case, to strike an additional abstract filed by plaintiff (respondent). The motion to strike the additional abstract is overruled.

The lot involved was sold under the Jones-Munger law on November 16, 1938, for the 1931 state and county taxes. One Jack Dean was the highest bidder on a bid of $3.20 and received a certificate of purchase. This certificate was thereafter assigned to plaintiff. No redemption was made and the county collector made his collector's deed to plaintiff on August 7, 1942, and on same day, this deed was filed for record. This suit was filed August 13, 1942.

We gather from the pleadings and the briefs that defendant's claim of title was derived as follows: In 1931, title to the lot was in the D. V. W. Realty Company, a corporation. A special tax bill in favor of University City had been issued against the lot and suit had been brought on this tax bill to enforce the lien thereof against said lot. The style of that suit was, "The City of University City ex rel. University City Bank & Trust Company v. D. V. W. Realty Company." Leon M. Feigenbaum acquired the special tax bill while the suit thereon was pending and he was substituted as relator in the suit on the special tax bill. The tax bill suit went to judgment for $1879.34, and under a special execution based on this judgment, the lot was sold to defendant by the sheriff on December 22, 1941, on an alleged bid of $1,000.

Defendant (appellant) complains of the action of the trial court in sustaining the ▉▉▉ motion to strike a part of the crossbill, and in sustaining the demurrer to the remaining part of the answer and crossbill. Defendant did not file a motion to set aside the default judgment nor did he file a motion for a new trial. In such situation plaintiff says that defendant "cannot be heard to complain of any error."

In the crossbill defendant alleged: (1) That the Jones-Munger law was unconstitutional and void because it denied due process; (2) that the tax deed upon which plaintiff relied is void because the collector failed to insert in the delinquent tax book a copy of the published sale notice; (3) because it designated the collector instead of the State as the grantor; (4) because the collector failed to advertise all the delinquent taxes against the lot; (5) because neither Dean nor plaintiff paid the taxes due on the lot at the time of the execution of the collector's deed; (6) because Dean and one Vornbrock, a member of the last board of directors of the D. V. W. Realty Company, entered into a conspiracy to defraud the county out of the taxes due on the lot, and to defraud defendant out of his title; (7) because at the time of the tax sale by the collector the lot was of the reasonable value of $1500, and Dean bid only $3.20, and that only $115.45 in taxes were paid when the tax deed was executed, and that "these amounts were so grossly inadequate and out of proportion to the true

value of this property as to shock the good conscience of this court"; (8) that defendant held the fee title to the lot by reason of the sheriff's deed to him December 22, 1941; and (9) "defendant further states that because of the facts that his title was derived from the D. V. W. Realty Company, a corporation, who have for many years past lost their right to do business as well as have forfeited their state charter; and that said last named board of directors had not been joined as defendants at the time of said decree (in the special tax bill case) of October 2, 1941, and that, therefore, it will be necessary to join in this suit, as additional parties defendant, these three persons named: Walter G. Vornbrock, Sr., Everett Davis and Earl Watkins, all of them being residents of St. Louis County, Missouri, who are shown as the last named board of directors of said corporation, and therefore, are now, by operation of law, the trustees for its operation and liquidation, in order that his title to the aforesaid property in suit may be, by this litigation, completely quieted, established and determined fully."

The crossbill concluded with the following prayer: "Wherefore because of all the foregoing, this defendant prays that this court issue and order that the above named Walter G. Vornbrock, Sr., Everett Davis and Earl Watkins, be joined as defendants in this action, and as trustees of the D. V. W. Realty Company, a corporation, and the next term current of this court.

"The defendant further prays the court for a judgment and decree setting aside the said purported deed (collector's deed) recorded in book 1864, page 304, of the office of the recorder of deeds of St. Louis County, Missouri, as null and void and illegal; that such deed may be for naught held; and this defendant hereby tenders and offers to pay and reimburse plaintiff or her principal (Dean) for the amount of all taxes paid by her, or for said purported deed, plus any interest due them on said $122.00, plus any other amounts of municipal or other taxes paid by them, and interest thereon, as this court should find to be due them; and as soon as said amounts can be ascertained and estimated by this court in detail.

"The defendant further prays that this court adjudge and decree that the parcel of real estate in suit, as hereinbefore is more fully described, is well vested in Paul William Berger, this defendant, free and clear of all liens except the general taxes for state, county and school district for the year 1943, and any other municipal taxes due the City of University City, Missouri, and for his costs herein expended."

In sustaining the motion to strike the court struck from the crossbill the 1st, 3rd, 7th and 9th allegations as we have numbered them.

May defendant complain of the action of the court in sustaining the motion to strike, and if so, was it error to sustain the motion? An order sustaining a motion to strike a pleading or part thereof is

in some instances a part of the record proper and will be reviewed on appeal without a motion for a new trial. Sternberg v. Levy, 159 Mo. 617, 60 S. W. 1114; Shohoney v. Quincy, Omaha & Kansas City R. Co., 223 Mo. 649, l. c. 660, 122 S. W. 1025. If an order sustaining a motion to strike disposes of the whole case, then such motion will be considered equivalent to a demurrer, that is, a part of the record proper, ▮ and reviewable without filing a motion for a new trial. Shohoney v. Quincy, Omaha & Kansas City R. Co., 231 Mo. 131, l. c. 150, 132 S. W. 1059; Home Ins. Co. v. Missouri Power & Light Co., 377 Mo. 1201, 39 S. W. (2d) 1039. If a motion is directed to only a part of a pleading and leaves unattacked sufficient of the pleading to constitute a controversy between the parties then it is not equivalent to a demurrer and an order sustaining such motion will not be reviewed on appeal absent a motion for a new trial. 1 Houts on Missouri Pleading & Practice, Sec. 126, p. 255.

As stated, the motion to strike was sustained at the September, 1943 term of the court, and at that term defendant filed a term bill of exceptions to preserve the ruling of the court on the motion to strike. Thus it appears that defendant did not consider that the motion to strike was a part of the record proper, and we agree, hence in order to have preserved for review the action of the court in sustaining the motion to strike, it was necessary to file a motion for a new trial and preserve the point in a bill of exceptions.

▮ May defendant complain of the court's action in sustaining the demurrer? It is elementary that no motion for a new trial is necessary in order to preserve for review an order or judgment sustaining a general demurrer to a petition or crossbill. At the January term, 1944, when the demurrer was sustained no final judgment disposing of the whole case was entered and defendant could not then have appealed because there was no final judgment disposing of all of the parties and issues involved. Sec. 1184, R. S. 1939, Mo. R. S. A., Sec. 1184; Stith v. J. J. Newberry Co., 336 Mo. 467, 79 S. W. (2d) 447; W. A. Ross Construction Co. v. Chiles, 344 Mo. 1084, 130 S. W. (2d) 524; McFall v. Murray, 342 Mo. 737, 117 S. W. (2d) 330. We rule that failure to file motion to set aside the default judgment and failure to file motion for a new trial did not preclude review of the court's action in sustaining the demurrer.

▮▮ Was it error to sustain the demurrer? Plaintiff (respondent) filed an additional abstract, as appears, supra, and included therein is a memorandum, prepared by the trial court, explaining his ruling, and this memorandum, although not a part of the record, may be considered for the purpose of determining the theory upon which the trial court proceeded. Smith v. Pettis County, 345 Mo. 839, 136 S. W. (2d) 282; Weis v. Wanstrath (Mo. App.), 149 S. W. (2d) 442. From this memorandum it would seem that the trial court's ruling on the demurrer was based on the theory that defendant, at the time of

the tax sale by the collector was an entire stranger to the title to the lot involved, and for that reason could not complain. In the memorandum the court said:

"The property involved was sold November 16, 1938, by the collector of revenue because of the delinquent taxes, and on the same date Jack Dean, the purchaser, received a certificate of purchase. He later assigned this certificate of purchase to Carlotta M. Wetmore, the plaintiff in this case. On December 22, 1941, more than three years thereafter, the sheriff sold the property for the purpose of satisfying a special lien in favor of the purchaser of a special tax bill. The property was not purchased by the holder of the special tax bill, but was bought by the defendant, who was an entire stranger to both the property and the special tax bill. On November 7, 1942, the collector executed his deed to Carlotta M. Wetmore, to whom Jack Dean, the purchaser at the collector's sale on November 16, 1938, had assigned the certificate of purchase.

"It is a well recognized principle that fraud is an individual and personal thing. It is a cause of complaint to the person only upon whom it is committed. At the time of the purchase by Jack Dean from the collector, the defendant in this cause was an entire stranger to the transaction, and an entire stranger to the property. He had no interest in the property. He claimed no interest in the property. It is by reason of his transaction on December 22, 1941, that he claims an interest in the property.

"The defendant claims that the fraud occurred in the sale (by the collector) to Jack Dean for so small an amount ($3.20). If that constituted a fraud then the fraud did not occur against the defendant, Paul William Berger, because he was a stranger to the property or any of the transactions. Inasmuch as fraud is an individual and personal thing, it is a cause of complaint only to the person upon whom it is committed." As supporting such theory, the memorandum quotes 37 C. J. S., Sec. 60, p. 345, as follows: "Thus, where fraud occurred in the original sale of property there can be no recovery for such fraud by a subsequent ▓▓▓ donee, grantee, trustee or purchaser."

It is quite apparent from the facts in the present case, admitted by the general demurrer, and the facts in the cases (all of which we have examined) cited by Corpus Juris Secundum to support the text quoted, that the rule of law stated in Corpus Juris is not applicable to the present case. Defendant was not such *stranger* to the property as the learned trial court seemed to think. The D. V. W. Realty Company, so far as appears, owned the lot when the 1931 state and county taxes were assessed against it and at the time of the sale by the collector on December 16, 1938. The whole title did not pass with the sale by the collector, but such title or interest as would support redemption remained in the owner or its assigns. Gilmore v. Hibbs et al., 347 Mo. 1072, 152 S. W. (2d) 26; City of St. Louis v. Koch et al. (Mo. App.),

156 S. W. (2d) 1. By operation of law (the sheriff's sale under execution in the special tax bill case) defendant became the owner of the title and interest in the lot that remained in the D. V. W. Corporation after the sale by the collector on December 16, 1938.

Sec. 11145, R. S. 1939, Mo. R. S. A., Sec. 11145 (Jones-Munger law), provides that "the owner or occupant of any land or lot sold for taxes, or any other persons having an interest therein, may redeem the same at any time during the two years next ensuing" by doing the things required by this section. Sec. 11145 goes on to provide that "in case the party purchasing said land (at the collector's sale), his heirs or assigns, fails to take a tax deed for the land so purchased within six months after the expiration of the two years next following the date of sale, no interest shall be charged or collected from the redemptioner after that time." Clearly, the implication is, notwithstanding the previous provision, above set out, of Sec. 11145, any one having the right to redeem may do so at any time *after* the expiration of the two year period, but prior to the execution and delivery of the collector's deed. So, up to and until the collector's deed was executed and delivered on August 7, 1942, defendant had the right to redeem, and he should not be precluded from complaining of any fraud that would vitiate the collector's sale and deed. The following cases deal with the subject of inadequate bids at a collector's sale under the Jones-Munger law. Johnson v. McAboy et al., 350 Mo. 1086, 169 S. W. (2d) 932; Mahurin et al. v. Tucker (Mo. Sup.), 161 S. W. (2d) 423; J. C. Nichols Inv. Co. v. Roorbach et al. (Mo. Sup.), 162 S. W. (2d) 274; Kennen et al. v. McFarling et al., 350 Mo. 180, 165 S. W. (2d) 681; Kelso v. Hubble et ux. (Mo. Sup.), 163 S. W. (2d) 926; Heagerty v. Hawkins (Mo. Sup.), 173 S. W. (2d) 923. It is not overlooked that the action of the court in sustaining the demurrer not only precluded defendant from relying on the allegations of the crossbill not stricken, but prevented him from relying even on his general denial.

In the brief plaintiff (respondent) says: "The appellant's alleged interest in the real estate arose by reason of a special tax bill which had been issued many years back. Leon M. Feigenbaum, one of the attorneys for the respondent, brought suit upon this special tax bill, and after the obtaining of a judgment some 3 years after the tax sale in 1938, a sheriff's sale was had. This suit upon the special tax bill was brought against the D. V. W. Realty Company, a corporation, as though such corporation was in good standing. As a matter of fact, however, at the time of the bringing of the suit and at the time of the rendering of the judgment said corporation was not in good standing and had not been for many years past, such corporation having lost its charter. The last board of directors of the corporation was not made parties as the statutes of Missouri require *and it is an admitted fact from the record* (defendant's crossbill) *that such corporation was defunct at the time of the bringing of the suit*" (italics ours). The

portion of defendant's crossbill referred to by plaintiff is No. 9, set out, supra, and it will be noted that No. 9 was stricken on plaintiff's motion.

We do not mean to rule any question on the merits of either plaintiff or defendant's claim of title, but we think the court erred in sustaining the demurrer to the remainder of the answer and crossbill, and so rule.

The judgment should be reversed and the cause remanded, and it is so ordered. *Dalton* and *Van Osdol, CC.,* concur.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur.