Roy POWELL, Plaintiff-Appellant,

v.

CITY OF CREVE COEUR and Marshall Arky, Defendants-Respondents,

Louis Prelutsky and Helen Moritz, Defendants.

No. 33583.

St. Louis Court of Appeals, Missouri.

Feb. 24, 1970.

Edwin Rader, Chester A. Love, Clayton, for plaintiff-appellant.

Louis Gilden, St. Louis, Kroening & Kelly, Gordon F. Webb, Clayton, for defendants-respondents.

DOERNER, Commissioner.

The Circuit Court of St. Louis County, Missouri, sustained the motion of defendants-respondents City of Creve Coeur and Marshall Arky for a summary judgment, and appellant Roy Powell appealed to the Supreme Court. That court determined that it lacked jurisdiction to entertain the appeal and transferred it to this court. 441 S.W.2d 693.

Basically, the narrow and decisive issue presented by this appeal is the propriety of the court's action in rendering summary judgment in favor of respondents. Accordingly, contrary to respondents' contention, no motion for a new trial by appellant was required for appellate review. Russell v. Russell, Mo., 427 S.W.2d 471; Koviak v. Union Electric Company, Mo., 442 S.W.2d 934.

While the question to be determined is a relatively simple one, the long and tortuous course traveled by the case to reach this court necessitates a somewhat lengthy and involved statement of the pertinent facts. Appellant instituted two actions by separate petitions, each of which was titled, "Petition in Equity to Enforce Redemption of Real Property." In the first appellant alleged that he was the owner in fee simple of 47 lots situated in a subdivision known as Malcolm Terrace, located in the City of Creve Coeur, the record title to certain specified lots having been recorded in the name of Estellen Goetz and Valeria Mason, both of whom were straw parties for him; that the City of Creve Coeur, a city of the fourth class, acting under the governing provisions of Chapter 140, RSMo 1959, V.A.M.S., sold all of the 47 described lots at a tax sale, not a third sale as provided in that Chapter; that at that sale, held on August 28, 1961, the defendants City of Creve Coeur, Louis Prelutsky and Marshall Arky each purchased certain of said lots and were given certificates of purchase therefor; that under the provisions of Section 140.340 the appellant was entitled to redeem the described lots within a two year period following the tax sale by paying to the Collector of said City the purchase money named in the certificates of purchase given to the purchasers, together with the cost of said sale, all subsequent taxes, if any, paid by said purchasers, and statutory interest and costs incidental to said redemption; that although the appellant requested the Collector and other officials of the City of Creve Coeur to advise him of the statutory amount necessary for appellant to pay so that he might redeem said lots, said Collector and other officials had failed and refused so to do and by reason thereof it was impossible for the appellant to deposit with the Collector the sum required by the statute within the statutory period to accomplish the redemption.

Appellant's second petition was similar to the first except that it pertained to 10 other lots in the same subdivision, certain of which had been bought in at the tax sale by defendant Helen Moritz as well as others by defendants City of Creve Coeur, Louis Prelutsky and Marshall Arky.

The defendant Louis Prelutsky, named in both petitions, and the defendant Helen Moritz, named only in the second, filed their respective answers. Respondent Arky filed an answer to both petitions and respondent City of Creve Coeur to only the second. The respondents also filed a joint motion for summary judgment in each

case, which were taken as submitted on March 5, 1965, on which day the trial court consolidated the two causes on its own motion. On March 10, 1965, the court entered the summary judgment in favor of respondents City of Creve Coeur and Marshall Arky. Appellant thereupon appealed to the Supreme Court from the summary judgment, but that appeal was dismissed by the Supreme Court as premature because the judgment had not disposed of defendants Prelutsky and Moritz. Following receipt of the mandate, a trial was had as to those two defendants, resulting in a decree in favor of plaintiff, from which no appeal was taken by defendant Prelutsky or by defendant Moritz. Appellant, however, filed a new notice of appeal as to the summary judgment granted respondents City of Creve Coeur and Marshall Arky, the propriety of which action, as stated, is now before us.

Despite the title of appellant's petitions, neither stated a cause of action to enforce the redemption of the lots which appellant alleged he had owned. What was stated was pointed out by the Supreme Court in its opinion holding that it was without jurisdiction to entertain this appeal (loc. cit. 441 S.W.2d 694):

> "Reference to Appellant's petition and in particular to the prayer for relief it contains reveals a rather odd mixture of an action for declaratory judgment, that is, that the Court decree that plaintiff *is entitled* to redeem real property, and an action in the nature of mandamus, that is, that the Court decree, 'that defendant, City of Creve Coeur furnish the Court for the benefit of the plaintiff the itemized statutory sum of money necessary for plaintiff to pay to accomplish said redemption * * *'."

Thus, in effect, we have two, not one, causes of action to consider.

As pointed out by the Supreme Court in the passage quoted, what the appellant first sought was a decree declaring that he was entitled to redeem the lots in question. Whether respondents were entitled to a summary judgment on that cause of action must be determined in the light of the statutes and of the record as it stood at the time the summary judgment was granted. The first paragraph of § 140.-340, RSMo 1959, V.A.M.S., provides that the owner, occupant, " * * * or any other persons having an interest therein, * * * " of any lots sold for taxes may redeem the same at any time within two years from the date of sale by paying to the Collector the full sum paid by the purchaser at the tax sale, together with interest thereon and certain other specified items. Thus, the first prerequisite to establishing a right to redeem is that of ownership of the lots sold for taxes. While the respondents, City and Arky, formally denied appellant's claim to ownership by their answers, they did not contradict appellant's claim on that score in the affidavits they filed in support of their motion for a summary judgment, and in his deposition, taken and filed by the respondents, appellant amply satisfied that prerequisite to his right to redeem.

The real thrust of respondents' argument that appellant was not entitled to redeem, and that they were therefore entitled to summary judgment, is that within two years from the date of the tax sale appellant failed to pay, or to offer to pay, the amount required under the statute to be paid to entitle him to redeem. In support of their motion respondents filed the affidavits of Lester E. Hackmann, the City Collector; Bernice Schroeder, who described herself as " * * * a secretary and chief office clerk for the City of Creve Coeur"; and respondent Arky. The gist of all of such affidavits is that appellant never paid or tendered payment of the amount necessary to be paid to effect redemption. Respondent took the deposition of appellant, which was on file at the time the trial court granted summary judgment. On his behalf appellant filed an opposing affidavit, in

which, as well as in his deposition, appellant conceded that he had not made any actual payment necessary to effect a redemption. However, in his affidavit he detailed his repeated visits to the City Hall, over a period of months, where he requested information (principally from Bernice Schroeder) as to the amount necessary for him to pay to effect the redemption of his property, and the excuses given him for failing to furnish the information he sought. In his deposition appellant reiterated his sworn statements as to his unavailing efforts and testified that he had advised Bernice Schroeder that he wanted to redeem all of the lots that had been sold for taxes, and that she had described the Collector as her boss. It was also stated in appellant's affidavit that he could not make any tender to the Collector because to his knowledge the Collector was never present in the City Hall on any of the several occasions when the appellant appeared there.

Nowhere in respondents' supporting affidavits or elsewhere in the record is there any denial that appellant repeatedly endeavored to obtain the information he sought in order to effect a redemption of his property. Absent such a denial it stands admitted, for the purpose of determining whether the summary judgment should have been granted, that the appellant sought to obtain such information from the Collector, through his alter ego, Bernice Schroeder, so that he might redeem his property within the two year period, and that the Collector failed and refused to furnish it to him. The case of Hobson v. Elmer, 349 Mo. 1131, 163 S.W. 2d 1020 supports our conclusion that the appellant's right to redeem could not be prevented or lost by the Collector's failure or refusal to furnish the information appellant sought. There a purchaser of the land at the tax sale endeavored to obtain from the County Collector the amount of taxes due so that he might obtain a tax deed from the Collector within the period

of four years from the tax sale. His efforts, however, were frustrated by the failure or refusal of the Collector to supply the information sought by the purchaser, and the time expired. In the interim a transferee of the original owner of the land paid the amount required to redeem the property and was given certificates of redemption. Thereupon the redeemer brought ejectment against the purchaser at the tax sale to obtain possession, and the purchaser impleaded the Collector and asked that the certificates of redemption be cancelled and set aside, that title to the property be decreed in the purchaser, and that a tax deed be issued to him upon payment of the amount due from him. The first question which the Supreme Court passed upon was whether the owner of land which had been sold at a tax sale under the present Chapter 140 was entitled to redeem after the expiration of two years from the date of the tax sale. Of that, more anon. The second issue was whether the Collector, through his failure and refusal to furnish the information sought, could prevent the purchaser from obtaining a tax deed before the redemption was made, and on that point the Court ruled that he could not and granted to the purchaser the relief for which he had prayed.

Both parties appear to share the misconception that appellant was required to redeem within two years from the date of the tax sale. Undoubtedly that belief is based upon the first paragraph of § 140.-340, which refers to the two year period. However, as pointed out in the Court's consideration of the first point in Hobson v. Elmer, supra, the fourth paragraph of the same section reads:

"4. In case the party purchasing said land, his heirs or assigns, fails to take a tax deed for the land so purchased within six months after the expiration of the two years next following the date of sale, no interest shall be charged or collected from the redemptioner after that time."

Section 140.360 states:

"1. In case any lasting and valuable improvements shall have been made by the purchaser at a sale for taxes, or by any person claiming under him, and the land on which the same shall have been made shall be redeemed as aforesaid, the premises shall not be restored to the person redeeming, until he shall have paid or tendered to the adverse party the value of such improvements; and, if the parties cannot agree on the value thereof the same proceedings shall be had in relation thereto as shall be prescribed in the law existing at the time of such proceedings for the relief of occupying claimants of lands in actions of ejectment.

"2. No compensation shall be allowed for improvements made before the expiration of two years from the date of sale for taxes."

And Section 140.420 provides that if no person shall redeem the land sold for taxes within two years from the sale the Collector shall execute to the purchaser a conveyance of the real estate so sold, which shall vest in the grantee an absolute estate in fee simple.

Anent these provisions the court said in Hobson v. Elmer, 349 Mo. 1131, 163 S.W.2d 1020, 1023:

"There is one manner and, in our opinion, only one manner in which these seemingly conflicting provisions may be harmonized. We construe them to mean that the owner of the lands has an absolute power of redemption which cannot be defeated by the purchaser during and up to the end of the two-year period. Thereafter the purchaser has a right to obtain a collector's deed at any time within the next two years by complying with the various statutory provisions, to-wit: by producing to the collector his certificate of purchase, paying the subse-

quently accrued taxes and legal fees and demanding his deed. If, after the end of the two-year period and before the purchaser has complied with these conditions precedent to obtaining his deed, the owner or transferee applies for a redemption and makes the required payments he thereby destroys the power of the purchaser to obtain a deed."

The construction of the foregoing statutes made in Hobson v. Elmer, supra, was confirmed in Wetmore v. Berger, 354 Mo. 158, 188 S.W.2d 949.

In the instant case the record shows that the tax sale of all of the lots here involved was held on August 28, 1961. The first suit was filed on June 29, 1963 and the second on August 27, 1963 both within the two year period in which plaintiff had an absolute right to redeem. There is nothing in this record to show that after the expiration of the two year period from the date of the tax sale, and prior to March 10, 1965, when the trial court granted defendants' motion for a summary judgment, the defendants as purchasers of the lots at the tax sale had obtained tax deeds from the Collector. Under the principles announced in Hobson v. Elmer, supra, and Wetmore v. Berger, supra, it follows that as of the latter date plaintiff's right to redeem had not been foreclosed and the defendants as a matter of law were not entitled to a summary judgment in their favor.

We hasten to add that our ruling is limited to the narrow question initially stated, that is, whether on the record before us, and as of March 10, 1965, the trial court erred in rendering a summary judgment in favor of defendants on that part of plaintiff's petition concerning his action for a decree that he was then entitled to redeem. Within the confines of that issue we are not called upon to decide, and do not mean to rule, any other questions.

We turn, then, to that part of plaintiff's petition which the Supreme Court characterized (loc. cit. 441 S.W.2d 694) as " * * * an action in the nature of mandamus, that is, that the Court decree 'that defendant, City of Creve Coeur furnish the Court for the benefit of the plaintiff the itemized statutory sum of money necessary for plaintiff to pay to accomplish said redemption * * *'." It has long been the rule that a litigant seeking relief by mandamus must show that he has a clear, unequivocal, specific right to have performed the thing demanded, and that the defendant or respondent has a corresponding duty to perform the action sought. State ex rel. Bigham v. Williams, 297 Mo. 607, 250 S.W. 44; State ex rel. Dolman v. Dickey, 280 Mo. 536, 219 S.W. 363; State ex rel. Kern v. Stone, 269 Mo. 334, 190 S.W. 601. There is no duty on the City of Creve Coeur, as a municipality, to record the information plaintiff seeks, nor to furnish such information to him. By section 140.290 that duty was placed upon the Collector, who was not joined as a party in the instant case as was done in Hobson v. Elmer, supra. Accordingly, as to that part of plaintiff's petition the trial court's action in granting defendants a summary judgment was proper.

For the reasons stated the judgment in favor of defendants-respondents, City of Creve Coeur and Marshall Arky, and against plaintiff Roy Powell is reversed and the cause is remanded.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court.

Accordingly, judgment in favor of defendants-respondents, City of Creve Coeur and Marshall Arky, and against plaintiff Roy Powell is reversed and cause remanded.

WOLFE, P. J., and BRADY and DOWD, JJ., concur.