**In the Matter of Richard M. MARSHALL,
Petitioner.**

No. 57765.

Supreme Court of Missouri,
En Banc.

March 14, 1972.

**2**

Richard M. Marshall, pro se.

Carl Gaertner, St. Louis, for respondent.

SEILER, Judge.

This is mandamus. The question before us is whether, under Secs. 21.380–410, RSMo 1969, V.A.M.S., the speaker of the house of representatives must, upon request of a member of the house, issue subpoenas in the matter of a charge made in the house that a member has removed his residence from his district and thereby vacated his office under Art. III, Sec. 13, 1945 Constitution, V.A.M.S. The tendered subpoenas are first, subpoenas for witnesses to appear before a notary public and depose and testify, and, second, subpoenas for witnesses to appear before a notary public to depose and testify and also produce documentary evidence. The tendered subpoenas are blank as to name of witness or notary public, date, place, and hour of appearance, and as to the documentary evidence to be produced.

We rule yes as to the first and no as to the second.

The house of representatives has ". . . the function of judicially determining whether a member has violated some constitutional provision and should be ousted on that account." State on inf. Danforth v. Hickey, 475 S.W.2d 617, decided by this court, en banc, January 27, 1972. A judicial inquiry generally involves questions of fact, which requires the testimony of witnesses, which in turn requires use of subpoenas.

Since 1824, we have had statutes providing for subpoenas in cases where the house has jurisdiction. The provisions currently found as Sec. 21.400 and Sec. 21.410, RSMo 1969, V.A.M.S., were originally Sec. 5 of the act approved December 30, 1824, which read in part as follows (Vol. 2, p. 505, RSMo 1825): "That each house, or both houses in joint meeting, shall have power to award and cause to be issued, all necessary writs, warrants, and process, to summon or compel any person charged with any offence, whereof they respectively have jurisdiction, to appear before them, or any committee thereof, and carry into execution their orders and sentences, and to summon and compel the attendance of witnesses, in as full and ample a manner as any court of law, and with like effect to all intents and purposes [the foregoing is almost identical with present Sec. 21.410]; and subpoenas for witnesses shall be issued at the request of any member of either house or the party accused, or by any member of any committee; and all writs, warrants, commissions to take dispositions, and other process, awarded by the house of representatives, and subpoenas, and other process for witnesses whose attendance is required therein, or before any committee thereof, shall be under the hand and seal of the speaker and attested by the chief clerk, and shall be executed by the sergeant-at-arms, or a special messenger; and all writs, warrants, commissions to take depositions, and other process, awarded by the senate, or in joint meeting of both

houses, shall be under the hand and seal of the president, and attested by the secretary or chief clerk, and executed by their sergeant-at-arms or a special messenger" [the latter portion set forth above is almost identical with present Sec. 21.400].

■ By an act approved February 20, 1835 (see p. 390, RSMo 1835), Sec. 5 of the 1824 act became two sections. In 1949, the two sections were inverted by the reviser [1] and since then have been printed as Sec. 21.400 (originally the latter part of Sec. 5) and Sec. 21.410 (originally the first part of Sec. 5). When these current provisions are read as originally written, it becomes clear that a member of the house has an absolute right to have a subpoena issue to obtain evidence concerning an offense over which the house of representatives has jurisdiction. There can be no doubt that this case involves such a matter, since the legislature, under Art. III, Sec. 18, 1945 Constitution, determines whether a member has violated Art. III, Sec. 13, Hickey case, supra, State on Information of Danforth v. Banks, Mo.Sup., banc, 454 S.W.2d 498.

■ For almost 150 years our statute has provided unchanged that "Subpoenas for witnesses shall be issued at the request of any member of either house . . ." It could not have been made plainer. If there were no such provisions as the current Sec. 21.400, a majority in a legislative body could entirely thwart any effort by a minority or by an individual to procure evidence. Unquestionably the speaker must issue subpoenas on request of a mem-

ber. The remaining questions are as to the procedural details.[2]

It is significant that the statutes under consideration, Sec. 21.380–410, supra, rely for a measure of what is permitted by adopting the way it is done in a court of law. Sec. 21.380 on depositions refers to " . . . in all cases where . . . depositions would be allowed . . . before any court of law." Sec. 21.390 speaks of commissions to take depositions "as a court of law", with the taking and return of the depositions the same as for depositions to be read "in any court of law." Sec. 21.410 refers to writs, summons, orders, sentences, and attendance of witnesses "in as full a manner as any court of law."

■ In a court of law there is no question a notary public can issue a subpoena for a witness, Sec. 491.100 RSMo 1969, V.A.M.S.; Sec. 492.270, RSMo 1969, V.A.M.S.; S.Ct. rule 57.19, V.A.M.R. Therefore, the speaker must do the same as to the subpoenas for witnesses to appear for depositions.[3] The speaker's duty to issue the subpoenas is ministerial in nature and he is therefore subject to our writ to command performance of the ministerial duty involved. State ex rel. Donnell v. Osburn, banc, 347 Mo. 469, 147 S.W.2d 1065.

■ The law is not so clear as to the duty of the speaker to issue subpoenas duces tecum. In the act approved December 30, 1824, supra, no mention is made of subpoenas duces tecum; only subpoenas are mentioned. We note that within a few weeks, specifically on January 17, 1825,

---

1. This is within the power of the committee on legislative research, but it does not alter the sense, meaning, or effect of any legislative act, Sec. 3.060, RSMo 1969, V.A.M.S.

2. Many states have adopted statutes governing legislative subpoenas. The procedures differ greatly. About the only conclusion we draw from the review we have made of the statutes of other states is that the various legislative bodies have adopted whatever procedure considered best suited for their needs. We do note it is unusual to specify, as is done in

Missouri, on whose request a subpoena shall issue. Arkansas is apparently the only other state with that provision.

3. Before the deposition is taken, reasonable notice must be given the party under investigation. The notice must state the name of the witness to be deposed. When the witness is served with the subpoena, it must then contain his name and the other blanks as to time and place of appearance and name of notary must also be complete, but none of this prevents the subpoenas from being issued in blank.

there was approved an act concerning witnesses (Vol. II, p. 796, RSMo 1825). This act dealt with witnesses in courts of record, either at trial or in depositions. It prescribed how witnesses are to be summoned by the clerk or others and referred to the summons as subpoenas. No mention was made of subpoenas duces tecum. This method of summoning witnesses for trials or depositions by means of a subpoena issued by the clerk or a notary public was carried forward in our statutes through the 1939 revision, see Secs. 1897 and 1898, RSMo 1939. Not until Laws, Missouri, 1947, Vol. II, p. 237, approved May 21, 1948, did the legislature add subpoena duces tecum to the summons which the clerk or the notary could issue, as well as the long authorized ordinary subpoena. This causes us to doubt whether the subpoenas referred to in the original act of December 30, 1824, and as brought forward to the current Sec. 21.400, were intended by the legislature to include subpoenas duces tecum. We also have doubt as to subpoenas duces tecum being issued by the speaker in blank for depositions, because even in a court of law an order of the court is required, S.Ct. rule 57.20; Venker v. Hyler (Mo.Sup.) 352 S.W.2d 590, which means the documentary evidence to be produced must be described in the subpoena when issued. At any rate, we need not decide these questions because with respect to issuance of the subpoenas duces tecum, we do not believe petitioner has shown the ". . . clear, unequivocal, specific right to have performed the thing demanded, and that the . . . respondent has a corresponding duty to perform the action sought . . .", which is required for relief by mandamus, Powell v. City of Creve Coeur (Mo.App.) 452 S.W.2d 258, 263 and cases there cited.

Before concluding our opinion, one other matter must be discussed. The action before us was instituted by petitioner on February 16, 1972, bottomed on the charge made against Representative Patrick J. Hickey as expressed in house resolution 35 introduced by petitioner. On February 24, 1972, the house defeated a motion to expel Rep. Hickey from membership under Art. III, Sec. 18, 1945 Constitution. On February 28, 1972, petitioner introduced house resolution 74 challenging the right of Rep. John P. O'Reilly to maintain his seat because of alleged change of residence. On March 1, 1972, petitioner sought leave of court to amend his petition for mandamus by interlineation by adding a paragraph with respect to issuance of subpoenas for investigation to be made of Rep. O'Reilly under the charge leveled in resolution 74.

During oral argument before us on March 6, 1972, petitioner expressed the opinion that issuance of the writ of mandamus would accomplish nothing in respect to his charge against Rep. Hickey because of the action already taken by the house in defeating the motion to expel Hickey from membership, but reaffirmed his request the court permit him to amend his petition to include the charge against Rep. O'Reilly. The court ruled that the motion to amend would be taken with the case and the argument proceeded.

During argument the parties stipulated that had subpoenas similar to those which petitioner presented to the speaker with reference to Rep. Hickey been presented to the speaker in connection with house resolution 74 pertaining to Rep. O'Reilly, the speaker would have declined to sign them as he did with the subpoenas pertaining to Rep. Hickey, believing he did not have the power to issue the subpoenas and that his return to the amended petition would so state.

Petitioner declared his intention to bring similar charges against other members of the house. The parties agree this controversy is a recurring one and both parties have requested us to decide the issue.

We therefore grant leave to make the requested amendment of the petition and proceed on the assumption that the return to the amended petition has been filed in accordance with the stipulation of the parties and dispose of the case on the merits. The question in this case is an important one, and will not be resolved

unless we render a decision. We point out, however, that even had the petition not been amended, it has been recognized in Missouri that a court may consider a question which may be moot if ". . . the questions involved are matters of public interest . . .", State ex rel. Dyer v. Union Electric Company (Mo.App.) 312 S.W.2d 151, 155, or ". . . one of great importance, as where it involves a determination of public rights or interests under conditions that may in substance be repeated at any time." Lawyers Association of St. Louis v. City of St. Louis (Mo. App.) 294 S.W.2d 676, 680; Jenks v. Jenks (Mo.App.) 385 S.W.2d 370.

For the reasons earlier set forth, our alternative rule in mandamus is made peremptory as to the blank subpoenas requested by petitioner for witnesses in connection with the charges made against Rep. O'Reilly in house resolution 74, and is in all other respects vacated.

FINCH, C. J., DONNELLY, MORGAN and HENLEY, JJ., and DOERNER, Special Judge, concur.

HOLMAN and BARDGETT, JJ., not participating.