## NATIONAL BANK OF UNIONVILLE v. STAATS, Collector, Appellant.

### In Banc, March 13, 1900.

Equity: JURISDICTION: TAXATION: EXCESSIVE ASSESSMENT: REMEDY. Revised Statutes 1889, sections 7520, 7572, providing that one feeling himself aggrieved by an assessment may appeal from the assessor to the county board of equalization, give a remedy at law for such grievance, and an action will not lie in equity to enjoin the collection of the taxes; and it is immaterial that the assessment complained of violates the federal statutes forbidding a discrimination between a tax on national bank shares and a tax on moneyed capital in the hands of citizens.

Appeal from Putnam Circuit Court.— *Hon. Andrew Ellison,* Judge.

REVERSED (*with directions*).

*Lee T. Robison* and *S. P. Huston* for appellant.

(1) The assessment in this case is strictly in accordance with both Federal and State law. First Nat. Bank v. Chehalis Co., 166 U. S. 440; Laws 1895, p. 242; Secs. 7540, 7610, R. S. 1889; Merchants Nat. Bank v. Com., 167 U. S. 461. (2) But even conceding inequality in the assessment the only remedy was by appeal to the county board of equalization, which it is conceded in this case was not made. Secs. 7572, 7518, 7519, R. S. 1889; State ex rel. v. Bank of Neosho, 120 Mo. 161; Mayer v. Rosenblat, 72 Mo. 499; Potosi v. Casey, 27 Mo. 372; Cooley on Taxation (2 Ed.), p. 747. (3) The Federal statutes only forbid discrimination between the assessment of National Bank shares and other "moneyed capital in the hands of the citizens." This term moneyed capital does not include ordinary real or personal

property but only that species of capital which comes in competition with national banks.  First Nat. Bank. v. Chehalis Co., 166 U. S. 440; Merchants' Nat. Bank v. Com., 167 U. S. 461; Talbott v. Silverbow Co., 139 U. S. 438; Davenport Bank v. Board of Equalization, 123 U. S. 83; Merchants' Nat. Bank v. New York, 121 U. S. 138.  Upon the whole case, under the pleadings and evidence as matter of law and equity, the temporary injunction should have been dissolved and the bill. dismissed, and we submit that this court should so order.

*Marshall & Franklin Bros.* and *A. W. Mullins* for respondent.

(1)  The assessment in this case was not made either in accordance with the Federal or the State law, and is therefore invalid.  Sec. 7538, R. S. 1889, as amended by Laws 1895, p. 242; Secs. 7540, 7610, 7611, R. S. 1889; State ex rel. v. Catron, 118 Mo. 280; First Nat. Bank v. Meredith. 44 Mo. 500; Springfield v. Nat. Bank, 87 Mo. 441; St. Louis B. & S. Ass'n v. Lightner, 42 Mo. 421; Lionberger v. Rowse, 43 Mo. 67; Sec. 5219, U. S. R. S. 1878; Collins v. Chicago, 4 Bissell 472; Nat. Bank of Virginia v. Richmond, 42 Fed. Rep. 877; First Nat. Bank. of Leoti v. Fisher, 45 Kan. 726; Albany City Nat. Bank v. Maher, 6 Fed. Rep. 417. (2) The valuation of the bank property, capital stock and surplus fund, was fixed at the full face and actual value thereof, while other property in the same township as well as throughout the county was generally and systematically valued for assessment at a rate not exceeding from thirty to forty cents on the dollar of the actual value of the same, an unjust and illegal discrimination was made, and by reason thereof the bank and its shareholders were and are entitled to relief. Boyer v. Boyer, 113 U. S. 689; Pelton v. Nat. Bank, 101 U. S. 143; Cummings v. Nat. Bank, 101 U. S. 153.

SHERWOOD, J.—This case presents these features: The shares of stock of the stockholders of a national bank and the surplus thereof were assessed by the assessor at the full face value of 100 cents on the dollar.

Assertion is made that this rate was higher than that assessed against other real and personal property in the township or in the county; that the general average valuation for assessment did not exceed from thirty to forty cents on the dollar. The plaintiff, it is alleged, appeared before the county board of equalization and obtained a reduction of $600 on the $60,000 valuation.

Having paid to the collector sixty per cent of the taxes assessed against it, plaintiff applied for and obtained a temporary injunction as to the payment of the residue, which injunction on final hearing was made perpetual.

Our statute makes provision whereby any one who regards himself as excessively assessed, may appeal from the assessor to the county board of equalization. Sections 7520, 7572, Revised Statutes 1889.

Section 7658 also provides for granting an appeal to the Supreme Court in any case arising under any of the provisions of chapter 138, which is the chapter relating to revenue. Inasmuch as there is no provision made in that chapter for appeals to be taken from the county board of equalization to the circuit, or other court, it is difficult to see what benefit section 7658 confers on any complaining taxpayer. But however that may be, section 7572 and 7520 afford to any one aggrieved by an unjust assessment a summary remedy for any injury done him in the matter of the assessment of his property.

In State ex rel. v. Bank of Neosho, 120 Mo. 161, we held that such right of appeal was the only remedy a party aggrieved had regarding an excessive assessment. To like effect see Meyer v. Rosenblatt, 78 Mo. 495; Potosi v. Casey,

Bank v. Haseltine.

27 Mo. 372. And it was further held in those cases that in such circumstances a complainant had no standing in a court of equity. As holding the same view, see Cooley on Taxation (2 Ed.), 748, 249, 750.

Nothing is better settled than that equity will not interfere when an adequate remedy is provided by law.

It seems that the Federal statutes only forbid discrimination between a tax on national bank shares and a "tax on moneyed capital in the hands of individual citizens." [Aberdeen Bank v. Chehalis County, 166 U. S. 440; Evansville Bank v. Button, 105 U. S. 322.]

But even if such discrimination were made, this would not authorize a court of equity to interfere by injunction any more than it would in any other case of taxation where no Federal statute is involved. The same principle of the existence of an adequate remedy at law would prevail and prevent equitable interference.

For these reasons we reverse the decree of the circuit court and order the petition to be dismissed.

All concur, except *Robinson, J.*, absent.