In re Application of O. J. FERGUSON for Decrease of Assessment, Appellant, v. BOARD OF EQUALIZATION OF MADISON COUNTY, MISSOURI. —No. 38022.—164 S. W. (2d) 925.

Division One, October 6, 1942.

*Melvin Englehart* for appellant.

*Roy McKittrick,* Attorney General, *Tyre W. Burton* and *John S. Phillips,* Assistant Attorneys General, for respondent.

 BRADLEY, C.—O. J. Ferguson, appellant here, owned 15,000 acres of forest land in Madison County, Missouri, and on April 9, 1941, filed application, or petition, before the County Board of Equalization, asking reduction of the assessed value of said land. The petitioner claimed that the lands were assessed higher than other like lands in the county. In the prayer he asked that the "Board of Equalization make an order fairly and impartially equalizing the value of said real estate in the same manner and respect and comparable and in the same ratio of the assessed valuation of the other real estate in Madison County to the actual value thereof." At a hearing, a reduction of 10 cents per acre was made on 721.91 acres and, as to the remainder, reduction was denied. Petitioner asked for and was granted an appeal to what is termed the Board of Appeals [Sec. 11003, R. S. 1939], but was there denied further relief. Thereupon petitioner asked for and was granted an appeal to the circuit court.

In the circuit court counsel for the County Board of Equalization filed what is denominated a demurrer, which follows:

 "Come now the defendants and demur to the petition and pleadings of plaintiff herein, and for ground of demurrer say that it appears from the face of said petition and pleadings that the court has no jurisdiction of the subject of action or the persons of the defendants and that no appeal from any order or ruling of the County Board of Equalization can be taken to the circuit court. Wherefore, the defendant prays that said appeal be held for naught and said appeal be dismissed."

The demurrer was sustained and the cause dismissed on the ground that the court had "no jurisdiction to hear the appeal of plaintiff (petitioner) from the County Board of Equalization." Petitioner filed motion to set aside the order sustaining the demurrer and dismissing the cause. This motion was overruled, and thereupon petitioner filed a motion for a new trial. Motion for a new trial was overruled and petitioner asked for and was granted an appeal to the Supreme Court on the theory that "the construction of the revenue laws of this State" are involved [Art. 6, Sec. 12 of the Constitution], which would be true if we have jurisdiction of the appeal.

Appellant says that lack of jurisdiction of the appeal in the circuit court does not appear upon the face of the petition, and that, therefore, such question could not be raised by demurrer, but would have to be raised by answer. The petition discloses that it is addressed to the County Board of Equalization and that its purpose is to reduce the assessment on petitioner's lands. The statute, Sec. 11003, R. S. 1939, infra, authorizes said board to reduce the valuation if, in the board's opinion, the land "has been returned above its true value as compared" with all the real estate of the county. Lack of jurisdiction of the appeal in the circuit court appears, we think, on the face of the petition, and we so rule.

Hereinafter we refer to petitioner as appellant and to the Board of Equalization as respondent. Respondent contends that no appeal to the circuit court was authorized by law, and that such being the case, the circuit court acquired no jurisdiction of the cause. Sec. 11001, R. S. 1939, provides:

"There shall be in each county in this state, except the city of St. Louis, a county board of equalization, which board shall consist of the county clerk, who shall be secretary of the same, but have no vote, the county surveyor, the judges of the county court, and the county assessor, which board shall meet at the office of the county clerk on the first Monday in April of each year: Provided, that in any county having adopted township organization, the sheriff of said county shall be a member of said board of equalization: Provided further, that in counties containing a population of more than seventy thousand, such board shall meet upon the first Monday of March in each year."

Sec. 11003, R. S. 1939, provides: "The following rules shall be observed by county boards of equalization: First, they shall raise the valuation of all such tracts or parcels of land and any personal property, such as in their opinion have been returned below their real value, according to the rule prescribed by this chapter for such valuation; but, after the board shall have raised the valuation of such real estate, it shall give notice of the fact, specifying the property and the amount raised to the persons owning or controlling the same, by personal notice, through the mail or by advertisement in any paper published in the county, and that said board shall meet on the fourth Monday of April, except in counties containing a population of more than seventy thousand and less than one hundred thousand, in which counties such board shall meet on the fourth Monday of March of each year, to hear reasons, if any may be given, why such increase should not be made; second, they shall reduce the valuation of such tract or parcels of land or any personal property which, in their opinion, has been returned above its true value as compared with the average valuation of all the real and personal property of the county."

The County Board of Equalization meeting on the fourth Monday of April or March, according to the population of the county, is some-

times referred to as the County Board of Appeals. Article 3, Chapter 74, R. S. 1939, deals with county boards of equalization and consists of Secs. 11001-11008. There is no section in Article 3 which authorizes an appeal to the circuit court from any action of the County Board of Equalization, nor is there any section authorizing such appeal in Chapter 74 or, any other section in any Chapter, so far as our research discloses.

Appellant says that "his right of appeal from the Board of Equalization to the circuit court" is authorized by Secs. 11033, 11239, ▮▮▮▮ and 2100, R. S. 1939. Sec. 11033 does not concern appeals. Sec. 2100 deals with the jurisdiction of the circuit court, but there is nothing in the section which gives the circuit court jurisdiction of an appeal from a County Board of Equalization.

Chapter 74, R. S. 1939, consists of 24 articles and is on the subject of taxation and revenue. Sec. 11239 is in article 12 and is as follows:

"The right to appeal to the supreme court of this state, under any of the provisions of this *chapter*, is hereby preserved to any and all persons, officers or parties in anywise affected thereby, as in other cases, and may be prosecuted as in other civil case" (italics ours).

Sec. 11239 was enacted in 1879, Laws 1879, p. 186, Sec. 6. The title of the act containing the section was "an act concerning the assessment, levy and collection of taxes and the disbursement thereof," and contained 8 sections. Section 1 provided that only "the state tax and the tax necessary to pay the funded or bonded debt of the State, the tax for current county expenditures and for schools" could be "assessed, levied and collected in the several counties" except as provided in section 2 of the act. Section 2 provided a procedure whereby the circuit court could make an order for some other tax. Any violation of the act was made a misdemeanor and sections 3 and 5 prescribed penalties. Section 4 made it certain that the act applied to county judges and to county board of equalization. Section 7 repealed inconsistent acts, and section 8 was an emergency provision. Section 6 was the same as the present section 11239, except that the word *act* appeared instead of the italicized word *chapter*, supra. The 1879 act was never amended to change the word *act* to the word *chapter*, but notwithstanding there had been no such amendment, the section was inserted in the Revision of 1889 with the word *chapter* instead of *act* and has come down since 1889 as it now appears.

However, if the word *chapter* in what is now section 11239 be construed to cover the whole of present chapter 74, such would not aid appellant here. In National Bank of Unionville v. Staats, 155 Mo. 55, 55 S. W. 626, the court, assuming that the word *chapter* was properly in what is now section 11239, said:

"Section 7658 (R. S. 1889, now Sec. 11239) also provides for granting an appeal to the supreme court in' any case arising under any of the provisions of chapter 138, which is the chapter relating to revenue.

Inasmuch as there is no provision made in that chapter for appeals to be taken from the county board of equalization to the circuit, or other court, it is difficult to see what benefit section 7658 confers on any complaining taxpayer.''

Appeals are favored, and statutes granting appeals are liberally construed, O'Malley v. Continental Life Ins. Co., 335 Mo. 1115, 75 S. W. (2d) 837, l. c. 839; State ex rel. Russell v. Mueller, 332 Mo. 758, 60 S. W. (2d) 48, l. c. 51, 91 A. L. R. 705; State ex rel. Goodloe et al..v. Wurdeman, 286 Mo. 153, 227 S. W. 64, l. c. 66, but the right of appeal is purely statutory, and where the statute does not give such right it does not exist. Tevis et al. v. Foley, 325 Mo. 1050, 30 S. W. (2d) 68, l. c. 69, and cases there cited.

The appeal from the County Board of Equalization to the circuit court was not authorized by law, and the circuit court, by such appeal, acquired no jurisdiction of the parties or of the subject matter. State ex rel. Aquamsi Land Co. v. Hostetter et al., 336 Mo. 391, 79 S. W. (2d) 463, l. c. 465; School Dist. No. 46 v. Stewartsville Dist. et al., 232 Mo. App. 631, 110 S. W. (2d) 399, l. c. 404. The appeal here should be dismissed, and it is so ordered. *Hyde* and *Dalton, CC.,* concur.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur except *Hays, J.,* absent.