NAT KOPLAR and MARMADUKE APARTMENTS, INC., Appellants, v. BARNET L. ROSSET, Individually, BOYLE G. CLARK, Individually, BARNET L. ROSSET, BOYLE G. CLARK and LAWRENCE E. MAHAN, Voting Trustees Under a Trust Agreement Dated July 1, 1936, of Marmaduke Apartments, Inc.; METROPOLITAN TRUST COMPANY, Individually, METROPOLITAN TRUST COMPANY, Corporate Trustee Under Deed of Trust and Chattel Mortgage Dated July 1, 1936, Between Marmaduke Apartments, Inc., and Certain Bondholders and Stockholders, Respondents.—No. 40929.—214 S. W. (2d) 417.

Division Two, November 8, 1948.

*J. L. London* for appellants.

*J. Coy Bour, Paul M. Peterson* and *William H. Becker* for respondents.

[418] BARRETT, C.—This appeal arises out of Koplar v. Rosset, 355 Mo. 496, 196 S. W. (2) 800. The immediate question, which the parties have attempted to present, is the appellants' right to file a supplemental petition. Mo. R. S. A., Sec. 847.83; Federal Rule 15 (d); Drake v. Kansas City Pub. Serv. Co., 333 Mo. 520, 63 S. W. (2) 75; Ward v. Davidson, 89 Mo. 445, 1 S. W. 846. After the mandate in the principal case the plaintiffs asked leave to file a supplemental petition (Southern Pac. Co. v. Conway, 115 F. (2) 746, 750) in which they seek to recover for alleged acts of continuing misconduct, acts occurring after the rendition of the decree in the principal case. The trial court was of the opinion that it did not have jurisdiction to try the issues presented by the supplemental petition and

leave to file the petition was denied. The appeal is from the order denying leave to file the supplemental petition.

But, upon the record tendered, the obvious challenge of the appeal is the court's jurisdiction, that is whether there was such a final judgment and disposition of the cause (Mo. R. S. A., Secs. 847.126, 1236; Sup. Ct. Rule 3.24; Bruun v. Katz Drug Co., (Mo.) 211 S. W. (2) 918) that this court may or should entertain jurisdiction of the appeal. More precisely the question upon this record is whether the appeal is premature in that all the issues before the court were not disposed of. Hill-Behan Lumber Co. v. Hammer Dry Plate Co., (Mo. App.) 162 S. W. (2) 348. It may be assumed for the purposes of this opinion that an order dismissing a supplemental petition is a final, appealable judgment. Goodyear Tire & Rubber Co. v. Overman Cushion Tire Co., 66 F. (2) 81; Johnson v. Horton, 63 F. (2) 950. Certainly so when the effect of the order is to completely and finally dispose of the case on its merits in some material respect. 4 C. J. S., Sec. 116c(5), pp. 218-220. In this respect an appeal from an order denying leave to file a supplemental petition is fairly comparable to the dismissal of an intervening petition. City of St. Louis v. Silk, (Mo. App.) 199 S. W. (2) 23. In these instances the rulings have the force of an order sustaining a demurrer to a petition. Sebastian County Coal & Mining Co. v. Fidelity Fuel Co., 317 Mo. 610, 613, 296 S. W. 154.

But we are not confronted with that kind of a record in this case. Here, after the judgment of the trial court was affirmed and our mandate to the trial court was filed, the record recites that the respondents as trustees, and purportedly in accordance with our opinion, filed their final report and asked to be discharged. Thereafter, on July 24, 1947, the plaintiffs (the appellants here) were given thirty days in which to file exceptions to the report and, within the allotted time, did file their exceptions to the report. The exceptions are set forth in the record. Among other things the exceptions charge that the parties filed the report and attempted to get a discharge from the judge temporarily sitting in the division when their opponents were unavailable and knowing that they desired to be heard and present evidence against the report. It is charged, in the exceptions, that the respondents "well knew that they were liable . . . for other substantial sums of money as a result of their conduct and [419] overt acts since the rendition of the Decree of this Court on July 13, 1945." It is further alleged in the exceptions that the report was filed after notice of the plaintiffs' intention to file a supplemental petition. The substance of the proposed supplemental petition is then set forth and, among other things, it alleges that the respondents have become indebted for further expenses and additional items totalling $16,350.00. Finally, it is alleged in the exceptions that "this court retained jurisdiction of this cause, by

its Decree of July 13th, 1945, to review and pass upon said acts of the defendants, . . . "

The proposed supplemental petition, upon which this appeal is based, does not cover, of course, all the objections the appellants might have to the proposed settlement but it does seek recovery for "continuing transactions or occurrences both as Trustees and individually." The petition realleges by reference the thirty-eight paragraphs and prayer of the original petition, it alleges that the respondents failed to comply with the demands of the newly appointed trustees, it alleges the fact of the prior proceedings in this court and the conduct of the respondents in other courts, and it alleges by reason of these actions the incurring of other items of expense for counsel fees and expenses of administration. It alleges the report of the respondents and their deposit into court in discharge of their obligations the sum of $10,168.71 and the fact that *"the matter is now pending on exceptions filed by the plaintiff, Nat Koplar and Marmaduke Apartments, Inc."* The supplemental petition then asks for the recovery of the additional specific items, and finally an item of damages, not included in the exceptions, in the sum of $35,000.00.

In these circumstances, despite the recital in the court's decree that "It is agreed by all parties that the decree entered herein is a final decree," we are of the view that the appeal is yet premature because all issues before the court concerning the subject were not disposed of. If the recital agreement could be construed as a waiver of the exceptions we would be confronted with a different situation. But here it does not appear that the court has yet fully exhausted its jurisdiction concerning matters contained in both the exceptions and the supplemental petition. The arguments of both parties on the merits of the appeal further indicate the inadvisability or undesirability of attempting to dispose of the merits of this cause on this appeal. For example, the respondents, in contending that the court did not have jurisdiction to permit the filing of the supplemental petition, argue as a matter of law that they are not liable for the additional fees and expenses even though the same question, concerning a part of the items, is involved in the exceptions. On the other hand the appellants argue that the respondents are liable for these same items and yet most of the items are still pending before the court on the plaintiffs' exceptions. And, the court's order either approving or disapproving the exceptions is a final appealable judgment. Bushman v. Barlow, 328 Mo. 90, 40 S. W. (2) 637. In short our adjudication upon this record would result in a piecemeal disposition of the cause. In the circumstances of this record the order refusing permission to file the supplemental petition is not a final appealable order because all the essential, material issues before the court were not disposed of and the appeal is premature. 4 C. J. S., Secs. 94, 95a, 101, pp. 185, 190, 197; Hill-Behan Lumber Co. v.

Hammer Dry Plate Co., supra; Bruun v. Katz Drug Co., supra; Continental Oil Co. v. Osage Oil & Refining Co., 57 F. (2) 527, 529.

Accordingly the appeal is dismissed and the cause remanded. *Westhues* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by BARRETT, C., is adopted as the opinion of the court. All the judges concur.