NAT KOPLAR, Appellant, v. BARNET L. ROSSET, Individually; BOYLE G. CLARK, Individually; BARNET L. ROSSET and BOYLE G. CLARK, Voting Trustees; METROPOLITAN TRUST COMPANY, a Corporation, Individually; METROPOLITAN TRUST COMPANY, Corporate Trustee, Respondents, MARMADUKE APARTMENTS, INC., a Corporation, Appellant, No. 41627—233 S. W. (2d) 1.

Division Two, September 11, 1950.

Motion for Rehearing or to Transfer to Banc Overruled, October 9, 1950.

1202

*J. L. London* for appellants.

*Samuel H. Liberman* for respondents Barnet L. Rosset and Metropolitan Trust Company.

1204

*Paul M. Peterson* and *William H. Becker* for respondent Boyle G. Clark.

■ BOHLING, C.—This is an appeal from an order after final judgment in Division No. 3 of the Circuit Court of the City of St. Louis dismissing exceptions by Nat Koplar and Marmaduke Apartments, Inc., to a report of the Metropolitan Trust Company, a corporation, as trustee under a deed of trust ■ and chattel mortgage of Marmaduke Apartments, Inc., and a report by Barnet L. Rosset and Boyle G. Clark as voting trustees appointed by a bondholders committee representing bonds secured by said mortgage. The amount involved exceeds $7,500. We sometimes designate the parties as exceptors and as defendants, respectively. The proceeding is an outgrowth of Koplar v. Rosset, 355 Mo. 496, 196 S. W. 2d 800, and Koplar v. Rosset, 358 Mo. 350, 214 S. W. 2d 417.

Prior events resulted on May 6, 1936, in a judgment of foreclosure in Division No. 2 of the Circuit Court of· the City of St. Louis of a deed of trust and chattel mortgage securing a $475,000 bond issue executed by the Grand Boulevard Investment Company against the Marmaduke Apartments of St. Louis, Missouri. A general bondholders protective committee, with the Metropolitan Trust Company, a corporation, of Chicago, Illinois, as one of the depositaries had been organized. Barnet L. Rosset owned practically all the stock of the Metropolitan Trust Company. The bondholders protective committee intervened and secured the approval of the court to its deposit agreement and plan of reorganization. The property was sold and the reorganization plan was consummated July 1, 1936.

(The historical facts of record here outlined for an understanding of the instant case are detailed in Koplar v. Rosset, 355 Mo. 496, 196 S. W. 2d 800, and well may be read.)

Under the reorganization plan the Marmaduke Apartments, Inc., a Missouri corporation, was organized to hold title and operate the apartments; and its 10,663 shares of capital stock were issued to the trustees of a voting trust provided for by the plan. The corporation issued $426,500, 5%, first mortgage bonds, dated July 1, 1936, payable July 1, 1951, and the Metropolitan Trust Company was named trustee and Hugo Monnig was named co-trustee in the deed of trust and

chattel mortgage securing said indebtedness. The stock of the Marmaduke Apartments, Inc., was voted by voting trustees. The participating bondholders, holding voting trust certificates marked ''A'' representing 40% of the stock, named two voting trustees, to wit: Barnet L. Rosset and Boyle G. Clark; and the Grand Boulevard Investment Company, holding voting trust certificates marked ''B'' representing 60% of the stock, named one voting trustee, to wit: Otto J. Dickmann, who was succeeded by Lawrence E. Mahan in October, 1943.

The trust agreement was to the effect, Sec. 25, that no liability attached to any trustee for anything save his own ''willful misconduct or gross negligence.''

Nat Koplar acquired all of the ''B'' voting trust certificates and also some of the bonds and class ''A'' certificates, and in 1944 submitted a plan for refinancing the corporation's bonds. The trustees and directors refused to submit this plan to the security holders. Instead, they passed a resolution for the sale of the property. Koplar thereupon filed suit against Rosset and Clark, and the Metropolitan Trust Company, individually and as trustees aforesaid; Marmaduke Apartments, Inc., Mahan and Monnig—the last three in order to have all parties before the court. A principal object of this suit was the removal of Rosset and Clark as voting trustees and the Metropolitan Trust Company as trustee under the deed of trust and chattel mortgage.

This suit resulted in findings in said Division No. 3 on July, 13, 1945, generally stated, in favor of Koplar and against Rosset and Clark and the Metropolitan Trust Company. In greater particular and so far as material here the court found that the plan of refinancing submitted by Koplar was workable and the refusal of Rosset and Clark to submit the plan was unwarranted and, having acted against the best interests of the beneficiaries, they should be removed and Thomas F. McDonald and Paul J. Kaveney appointed in their stead; that ''the court does not feel warranted in making an order appointing a receiver and for an accounting, although the expenses incurred in the handling of the property in question have materially increased over the amounts paid during the receivership mentioned in evidence, except, however, as provided in paragraphs 10 and 11[16] of this decree''; that Rosset should refund an annual salary of $1,000 received for five years as President of the Marmaduke Apartments, Inc., (paragraph 10 aforesaid); that the Metropolitan Trust Company was dominated by Rosset and should be removed as trustee under the deed of trust and as depositary and registrar, and the St. Louis Union Trust Company was appointed to act in its stead (paragraph 11 aforesaid); that Lawrence E. Mahan, the third voting trustee, Hugo Monnig, the co-trustee under the deed of trust, and Nat Koplar, plaintiff, had incurred liabilities for expenses and attorney

fees for the benefit of Marmaduke Apartments Inc., in the litigation and, after a hearing to determine proper allowances, they would be "charged against such trust estate and paid out of the funds in the hands of the successor voting trustees"; that Rosset and Clark and the Metropolitan Trust Company should be enjoined from acting in their respective trust capacities; that said defendants should surrender and deliver the books, records et cetera in their respective possessions as such trustees et cetera to their successors, and should account for any expenses and legal fees in the litigation charged against Marmaduke Apartments, Inc. (paragraph 16 aforesaid); that the costs should be adjudged against Rosset and "that the court should retain jurisdiction for the purpose of carrying out this decree and making allowances to said counsel as aforesaid."

The decree followed the foregoing findings, and closed with the following: "11. The court retains jurisdiction for the purpose of carrying out this decree and for taking any necessary steps to do so, including the appointment of either voting trustees or trustee under said deed of trust, should occasion require it, and further retains jurisdiction for further action, if necessary, as the court may deem meet and proper, and also retains jurisdiction for the further purpose of making allowances to counsel as heretofore designated, and for making allowances to plaintiff for expenses incurred or paid in the institution and prosecution of this suit."

This decree was affirmed in toto September 9, 1946, Tipton, J., writing for court en banc (355 Mo. 496, 196 S. W. 2d 800), and our mandate issued on December 17, 1946.

On May 9, 1947, on the application of McDonald and Kaveney, the newly appointed voting trustees, the trial court ordered applications for allowances for attorney fees and expenses to be filed by May 16, 1947; and on June 20, 1947, after a hearing on May 27th, the court allowed fees totaling $27,640.57 and expenses totaling $2,991.30, a grand total of $30,631.87, and decreed that the same be paid by Marmaduke Apartments, Inc. No appeal was taken. Marmaduke Apartments, Inc., paid this $30,631.87, and satisfaction was acknowledged by the respective claimants on July 7, 1947.

On July 16, 1947, Rosset and Clark made a report and paid to the clerk of the court $4,566.24, the same being the amount claimed by the successor trustees as due under the judgment and decree of July 13, 1945. There was also paid into the court at the same time the $5,000 ordered to be refunded by Rosset, together with interest, $602.47. The total payments were $10,168.71. Rosset paid the costs.

The Metropolitan Trust Company made a report on said date showing compliance with the judgment and decree of July 13, 1945, by making delivery and taking a receipt for the books, records, documents and other property of the Marmaduke Apartments, Inc., in its possession.

On August 20, 1947, leave having been obtained, Koplar, the plaintiff, and Marmaduke Apartments, Inc., one of the defendants, filed exceptions to the report of the Metropolitan Trust Company and to the report of Rosset and Clark. These exceptions, seven in number, need not be developed in detail as the court, upon a hearing, found defendants had complied with the decree of July 13, 1945, and the existing controversy involves matters embraced within what exceptors designate as their "supplemental petition."

On September 10, 1947, said exceptors asked leave to file a "supplemental petition," lodging the petition with the clerk and serving notice upon defendants thereof. Defendants appeared specially and attacked the jurisdiction of the court to entertain ■ said supplemental petition; and on February 24, 1948, after hearing and argument, the court was of the opinion it was "without jurisdiction in this case to try the issues proposed in the supplemental petition tendered herein," and denied leave to file the same. An appeal was taken by the exceptors from this order and, it appearing upon submission that the original exceptions were undisposed of, we ruled the appeal was premature and dismissed it. Koplar v. Rosset, 358 Mo. 350, 214 S. W. 2d 417, 419.

The supplemental petition specifically alleged: "That all of the acts complained of herein occurred since the rendition of the said decree of July 13, 1945." For instance, among other things, it is charged that Marmaduke Apartments, Inc., was joined as one of the appellants in the notice of appeal from the decree of July 13, 1945; that an application was filed on September 14, 1945, for a writ of prohibition against the Judge of Division No. 3, which application was denied by the Supreme Court on September 24, 1945; that, although demand was made on July 19, 1945, defendants failed to surrender and make delivery of the books, records, moneys et cetera until October 2, 1945; that the defendants prosecuted their appeal from the decree of July 13, 1945, and after the affirmance of said decree filed a motion to stay the mandate on the ground defendants expected to file a petition for certiorari to the Supreme Court of the United States; that Rosset and Metropolitan Trust Company instigated and agreed to finance a suit in the District Court of the United States for the Eastern District of Missouri styled Synott and O'Brien against Nat Koplar, Marmaduke Apartments, Inc., Thomas F. McDonald, Paul J. Kaveney, Lawrence E. Mahan and St. Louis Union Trust Company to set aside the decree of July 13, 1945, of the State court and to enjoin the said defendants from carrying out the "plan of refinancing" as decreed by the State court, and which case, after expenses were incurred in the defense thereof, including the taking of depositions, was dismissed (on January 28, 1947, according to the record); and that this conduct was malicious, willful et cetera and caused delay and additional expense in consummating the "plan of

refinancing." The supplemental petition prayed that defendants respond in damages, alleging Marmaduke Apartments, Inc., had been damaged in excess of $35,000, and, in addition, asked $25,000 punitive damages.

After the remanding of the premature appeal, a hearing was had on June 27, 1949. Evidence of matters transpiring after the decree of July 13, 1945, and mentioned in the supplemental petition appears of record but was considered incompetent. The court found that Rosset had paid the $5,000, with interest; that Rosset and Clark had restored and paid $4,566.24, the amount claimed by the successor trustees as due and which was found to be the sum due from them; that the books, records, moneys et cetera of the Marmaduke Apartments, Inc., in the possession of Rosset and Clark and the Metropolitan Trust Company had been delivered over by said defendants; that Rosset had paid the costs adjudged against him; that defendants had complied with the decree of July 13, 1945; and that the court was without jurisdiction in this proceeding to entertain the claims of the exceptors that sought to impress liability upon the Metropolitan Trust Company, and Rosset, and Clark for the amounts paid out by Marmaduke Apartments, Inc., in satisfaction of the order of June 20, 1947, for allowances for attorney fees and expenses. Accordingly, the court ordered that the report of the Metropolitan Trust Company and the report of Rosset and Clark stand approved; that the Marmaduke Apartments, Inc., acknowledge satisfaction of the $5,000 judgment against Rosset and of the restoration by Rosset and Clark of moneys belonging to it; and dismissed the exceptions and taxed the costs against Koplar and Marmaduke Apartments, Inc.

Exceptors, relying upon authorities cited in the margin, say a trustee is personally chargeable with the costs and expenses incident to litigation when due to his willful misconduct, bad faith or gross negligence or mismanagement of a trust.[1] They ▮ contend a supplemental petition setting forth "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented" may be filed under Laws 1943, p. 378, Sec. 83; Mo. R. S. A., Sec. 847.83 after a decree as well as before;[2] and that

---

[1]65 C. J. 725, Trusts, Sec. 589; 25 C. J. S. 533, Damages, Sec. 50b, c; 15 Am. Jur. 552, Damages, Sec. 144.

[2]Texarkana v. Arkansas La. Gas Co., 306 U. S. 188, 202, 203, 59 S. Ct. 448, 83 L. Ed. 598; Rio Grande D. & I. Co. v. United States, 215 U. S. 266, 275, 30 S. Ct. 97, 54 L. Ed. 190; Williamson v. Chicago M. & L. Corp., 59 F. 2d 918, 920 (7, 8); Southern Pac. Co. v. Conway, 115 F. 2d 746, 750 (12); Dixi-Cola Laboratories v. Coca-Cola Co., 146 F. 2d 43; Otis Elev. Co. v. 570 Bldg. Corp., 35 F. Supp. 348; Caldwell v. First Nat. Bank, 89 Ill. App. 448, 452; 30 C. J. S. 836, Equity, Sec. 426. Consult Sec. 977, R. S. 1939, Mo. R. S. A.; McFall v. Murray, 342 Mo. 737. 117 S. W. 2d 330, 332 (1); Drake v. Kansas City Pub. Serv. Co., 333 Mo. 520, 63 S. W. 2d 75, 77 (1); Ward v. Davidson, 89 Mo. 445, 455, 1 S. W. 846, 848.

1210

equity, having acquired jurisdiction, retains it to do complete justice.[3]

In the instant case the decree of July 13, 1945, was a final decree. The right of appeal is purely statutory and does not exist where not given by statute. Ferguson v. Board of Equalization of Madison County, 350 Mo. 122, 164 S. W. 2d 925, 927(3). Laws of Missouri 1943, p. 390, Sec. 126, so far as material, authorizes an appeal from a final judgment. This code applies to suits in equity. Laws 1943, p. 357, Sec. 2. "A judgment is the final determination of the right of the parties in the action." Sec. 1236, R. S. 1939, Mo. R. S. A. The instant defendants prosecuted the appeal from said decree of July 13, 1945. Court en banc treated said decree as a final judgment in Koplar v. Rosset, 355 Mo. 496, 196 S. W. 2d 800. Said decree was again considered a final judgment when the trial court denied exceptors' motion for leave to file the supplemental petition, as evidenced by this statement in said order: "It is agreed by all parties that the decree entered herein is a final decree and that the acts complained of in the supplemental petition tendered herein occurred since the rendition of said decree."

The issues now stressed are not within the limited jurisdiction reserved by the court in the decree of July 13, 1945, which the instant defendants understood adjudged their liabilities and rights within the issues there determined. The findings warranted reservations of jurisdiction for carrying out said decree, appointing voting trustees or trustees under the deed of trust, and making allowances for expenses and attorney fees incurred for the benefit of the trust estate. The decree, a final judgment affirmed by this court upon appeal, expressly stated the court was not warranted in retaining jurisdiction for an accounting except as provided in paragraphs 10 and 16 of the findings. The order here appealed from found, and the record established, that Rosset had paid the $5,000, with interest, found due from him in said paragraph 10; and also found that the defendants had restored and paid the $4,566.24 taken by them out of the trust estate in connection with the original proceeding, the same being the amount found due from defendants within said paragraph 16, and also complied with the decree in other respects. The proceedings in the Federal court were dismissed on January 28, 1947; and the matters urged in exceptors' "supplemental petition" occurred after the judgment and prior to the order allowing expenses and attorney fees of June 20, 1947, as well as the filing of the original exceptions on August 20, 1947. The words "and further retains jurisdiction for further action, if necessary, as the court may deem meet and proper"

---

[3]Waugh v. Williams, 342 Mo. 903, 119 S. W. 2d 223, 227 (14, 15); Primeau v. Primeau, 317 Mo. 828, 297 S. W. 382, 387 (10).

in the decree destroy its effect as a final judgment if given a broad meaning, and is to be construed as having reference to action within the findings supporting the decree, and, so construed, permits the decree to stand as it was construed by the parties and the courts—a final appealable judgment in the cause.

It follows that the trial court was correct in holding it was without jurisdiction in this after final judgment proceeding to entertain █ the claims urged by exceptors in their "supplemental petition." Such matters involve independent controversies under the decree of July 13, 1945.

Other issues are presented to sustain the trial court but they need not be developed.

The order of the trial court should be and is affirmed. *Westhues* and *Barrett, CC.*, concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.