ETTA B. MADISON, Respondent, v. HENRY SHEETS and SADIE SHEETS, Appellants, No. 42219—236 S. W. (2d) 286.

Division Two, February 12, 1951.

John O. Sanders for appellants.

Royle Ellis for respondent.

[286] BOHLING, C.—Etta B. Madison instituted this action to establish a private road across certain lands of Henry Sheets and Sadie Sheets, husband and wife, in Barry county, Missouri. See §§ 228.340 et seq., R. S. 1949, formerly §§ 8488 et seq., R. S. 1939, as re-enacted 2 Laws 1947, pp. 344-350. The [287] cause was transferred here upon the dissent of one of the judges to the majority opinion of the Springfield Court of Appeals affirming the "judgment" (as developed herein) of the trial court. See Madison v. Sheets (Mo. App.), 231 S. W. 2d 869-875; 1945 Mo. Const. Art. V, § 10.

Plaintiff raises the issue that defendants' appeal is premature; that there has been no final judgment in the proceeding; that the trial court still retains jurisdiction over the cause, and that the appeal should be dismissed. This was disposed of by the Court of Appeals with the statement (231 S. W. 2d 1. c. 871[2]) it found against plaintiff's contention. The issue is of importance in future actions of this nature and we inquire into it.

Section 228.340[1] authorizes one to file a verified petition in the circuit court of the proper county for the establishment of a private way of strict necessity: "and if the court shall find that the allegations in said petition are true, it shall appoint three disinterested citizens who are resident householders of the county as commissioners to view the premises and to mark out the road, and to assess the damages to the owner or owners of the land through which it will pass."

The commissioners appointed under § 228.340 are to subscribe an oath to faithfully discharge their duties, and are to notify the interested parties they will view the premises on a specified date. After viewing the premises, the commissioners "shall cause a road, not exceeding forty feet wide, to be marked out so as to be convenient and to do as little damage or injury and cause as little inconvenience as practicable to other persons, and especially to the owners of the land." They are to file their findings and recommendations with the clerk of the court, "stating the points of beginning and ending, courses, distances and width of said proposed road," and report an assessment of items of damages to the owners, including any necessary fences. Then: "The cause, so filed with the clerk, * * * shall be docketed and shall be before the court for its consideration," all as provided in § 228.370.

When the report and the proceedings "have been regular, and no objections have been made thereto, the circuit court shall order that the road be established according to the report," and render judgment against the petitioner in favor of each owner for the

---

[1]Statutory references are to R. S. 1949 unless otherwise specifically designated.

damages assessed by the commissioners, and that the petitioner pay the amount into court, and, also, the costs. § 228.380.

If the proceedings be found to be irregular, new commissioners may be appointed. § 228.390.

. If an owner duly except to the damages allowed, a trial is to be had respecting that issue and judgment rendered in conformity to the findings had thereon, and the order establishing the road shall be made; and: "Appeals shall be allowed and taken within the time and in the manner provided for appeals in civil cases under the civil code." § 228.400.

The right of appeal is purely statutory and does not exist where not given by statute. Ferguson v. Board of Equalization of Madison County, 350 Mo. 122, 164 S. W. 2d 925, 927[3]. Section 512.020, so far as material here, authorizes an appeal from a final judgment, as did former § 1184, R. S. 1939. "A (final) judgment is the final determination of the right of the parties in the action." § 511.020. Koplar v. Rosset, 360 Mo. 1201, 233 S. W. 1, 5[1].

In the instant case plaintiff filed her verified petition on February 17, 1949, under § 228.340, describing defendants' land and asking for a road along the location of an existing road over said land. Defendants filed an answer denying plaintiff's right to a road over their land, alleging also that plaintiff had other ways available for an outlet. A hearing resulted in an order, termed "judgment" in the record, on March 31, 1949, by the court finding "the issues in favor of the plaintiff and against the defendants" and finding "that the allegations of plaintiff's petition are true"; that plaintiff was entitled to a private road of [288] necessity upon and across the land of defendants to connect with a public road, and "ordered, considered and adjudged" that a private road be established upon and across defendants' said land, et cetera, and appointed three commissioners "to view the premises and to mark out the road and to assess the damages to the defendants herein." Plaintiff attacks defendants' appeal from this "judgment" as being unauthorized and premature.

Section 228.340 authorizes the court to appoint commissioners to view the premises, mark out the road, and assess the damages if the allegations in the petition are found to be true. The finding authorized is for the purpose of the appointment of the commissioners; not the adjudication of the controversy, which embraces other matters for future consideration, such as the width of the road, its beginning, ending, courses, distances, the damages, and possibly the appointment of new commissioners. §§ 228.340, 228.-370, 228.390.

If objections be interposed to the report of the commissioners, a hearing is contemplated. Objections might embrace exceptions to the course of the road, its width, et cetera, as well as the damages. In the event of a finding for the plaintiffs, the appeal allowed and

mentioned in the closing sentence of § 228.400, is taken after all controversies have been finally determined. The final judgment is that contemplated in § 228.380 if there is no objection, or in § 228.400 if there are objections to the report of the commissioners. When all the issues are thus adjudicated the land owner may be willing to have the road pass over his land upon the payment of the damages awarded. Pending such determination the proceedings are *in fieri* and the trial court has jurisdiction.

Section 8488, R. S. 1939, the preexisting section, authorized the appointment of the commissioners to view the premises et cetera upon the filing of the petition without any finding ''that the allegations in said petition are true'' as now required by § 228.340. If the allegations in the petition are not true, the ''finding'' now required tends to protect plaintiff against incurring the additional expenses explicitly chargeable against him under the statutes.

That the finding under § 228.340 is an interlocutory order and not a final appealable judgment is ruled, in effect, in Rippeto v. Thompson, 358 Mo. 721, 724[1], 216 S. W. 2d 505, 506 where defendant perfected two appeals (which were consolidated) in a proceeding under § 8488, R. S. 1939—one appeal being from an interlocutory order, as here, and the other from the final judgment. Ruling the appeal from the interlocutory order, the court said: ''The circuit court, after a hearing to determine whether plaintiffs were entitled to a way of necessity, entered an interlocutory order in their favor. Cause No. 40,857 in this court is an appeal from that order. That appeal was premature and should be dismissed.'' See also State ex rel. Cape Girardeau v. Engelmann, 106 Mo. 628, 633(IV), 17 S. W. 759, 760(4).

In the absence of specific authority appeals do not lie from rulings on motions which do not involve a final disposition of the cause or from orders or judgments of an interlocutory nature, as cases are not to be brought to appellate courts by appeal in detached portions. St. Joseph Term. Rd. Co. v. Hannibal & St. J. Rd. Co., 94 Mo. 535, 542, 6 S. W. 691, 692.

The case of Barlow v. Scott (Mo.), 85 S. W. 2d 504, 519[12], citing authority, approves observations to the effect that there can be only one final judgment in a case; that the term ''interlocutory judgment'' is a misnomer, interlocutory judgments being '' 'in fact interlocutory orders' ''; and '' 'where an order or judgment is interlocutory only, it may be set aside at a term of court subsequent to that at which it was entered.' '' See also 49 C. J. S. 443, n. 29; 60 C. J. S. 66, §§ 62, 65; 30 Am. Jur. 938, nn. 16, 17, 37 Am. Jur. 517, n. 16.

Under the authorities there was no final appealable judgment of record when defendants attempted to appeal and the jurisdiction over the cause remained in the trial court.

[289]  Accordingly, the opinion of the Court of Appeals is set aside, and the appeal is dismissed.  *Westhues* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.  All the judges concur.