### In the Matter of Baby Girl SMITH, a Minor.

No. 30418.

St. Louis Court of Appeals.

Missouri.

Jan. 27, 1960.

Jerome M. Steiner, Clayton, for appellants.

John R. Barsanti, Jr., St. Louis, guardian ad litem, and Atty. pro se, for respondent.

ANDERSON, Judge.

This is an appeal from the Juvenile Division of the Circuit Court of St. Louis County in an adoption proceeding. The action was brought by Phillip J. DiSano and Delores DiSano, his wife. The object of the suit was a decree of adoption of a child

born December 20, 1958. The court, after a hearing, by an order duly entered of record, denied a petition for transfer of legal custody of said child to petitioners. From said order, petitioners have appealed.

The child in question, referred to herein as Baby Girl Smith, was born out of wedlock at Normandy Osteopathic Hospital on December 20, 1958. Prior to the birth of the child Dr. Donn Woodward Mueller had been informed by the mother that she did not want the child. At that time, Mrs. DiSano was a patient of Dr. Mueller. Arrangement was then made by Dr. Mueller to have the child placed with the DiSanos. On December 22, 1958, the mother of the child signed a writing that she, "being the natural mother of Baby Girl Smith, a minor female child born on the 20th day of December, 1958, do hereby waive the necessity of my consent to a future adoption of my said child. Dated at Normandy, St. Louis County, Missouri, this 22nd day of December, 1958." This document was acknowledged before a notary public.

Petitioners secured possession of the child on December 22, 1958.

Thereafter, on February 24, 1959, the petition for adoption was filed. On the same day there was filed in said cause a verified petition signed by the natural mother of said child in which there was a prayer for an order "that the custody of her said child be transferred to the said Phillip J. DiSano and Delores DiSano, his wife, and that she be permitted to waive the necessity of her consent to a future adoption of said child." On February 24, 1959, there was also filed the waiver of consent to future adoption, executed by the natural mother, and which has heretofore been mentioned. There was also filed in said cause a "consent to accept custody of child," executed by Phillip DiSano and Delores DiSano. Said document was as follows:

"Now comes Phillip J. DiSano and Delores DiSano, his wife, and joins in the prayer of the petition of the mother of Baby Girl Smith, a minor, filed in this proceeding, and state that the granting of the prayer of said petition will promote the welfare of said child and that they will accept the custody of said child if the prayer of said petition is granted."

John R. Barsanti, Jr., a member of the bar, was appointed by the court to act as guardian ad litem for the child. On April 14, 1959, John R. Barsanti, Jr., filed his consent to act as guardian ad litem, together with an entry of appearance and answer. Said answer was as follows:

"For answer to the petition for adoption heretofore filed herein, said guardian ad litem states that he is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the petition for adoption and requests the court to require strict proof thereof."

On May 6, 1959, a hearing was had on the petition for transfer of legal custody, theretofore filed by the child's natural mother, and in which petition the DiSanos had joined. At this hearing evidence touching the fitness of the DiSanos to have custody of the child was introduced. At the conclusion of the evidence the case was taken as submitted and, on May 11, 1959, the following order was entered:

"* * * Upon the evidence previously heard and testimony taken in the above styled cause, and the matter having been taken under advisement, it is the order of the Court that the application for transfer of custody be denied. The Court orders that the custody of said child be placed in the State Department of Public Health and Welfare, Division of Welfare, Child Welfare Services, forthwith; placement of said child having not been made by a licensed agency or by the natural mother personally."

A motion for new trial was timely filed by the DiSanos. This motion was overruled by the court on June 22, 1959. There-

after, on June 25, 1959, petitioners filed their notice of appeal, which was in words and figures as follows:

"Notice is hereby given that Phillip J. DiSano and Delores DiSano, petitioners, above named, hereby appeal to the St. Louis Court of Appeals from the decree entered in this action on the 14th day of May, 1959, and from overruling of motion for rehearing and new trial entered on the 23rd day of June, 1959.

"Dated June 25, 1959."

Error is assigned on the action of the court in denying transfer of custody to petitioners; in ordering transfer of custody to the State Department of Welfare, Child Welfare Services; and in the admission and consideration of hearsay evidence.

■ While the issue has not been raised by the parties, it becomes our duty to determine whether or not there is a proper appeal before this court. Deeds v. Foster, Mo. Sup., 235 S.W.2d 262; Severs v. Williamson, Mo.App., 198 S.W.2d 368; Poston Springfield Brick Co. v. Brockett, Mo.App., 183 S.W.2d 404; Hoefer v. Wease, Mo. App., 104 S.W.2d 721.

■ The right of appeal is purely statutory and does not exist where not given by statute. Ferguson v. Board of Equalization of Madison County, 350 Mo. 122, 164 S.W.2d 925. Appeals are authorized by Section 512.020 RSMo 1949, V.A.M.S. That section, so far as material here, authorizes an appeal from any final judgment. A judgment to be final must dispose of all parties and all issues in the case. Bennett v. Wood, Mo.Sup., 239 S.W.2d 325. Unless specifically authorized, appeals do not lie from rulings on motions which do not involve a final disposition of the case, or from judgments of an interlocutory nature. Madison v. Sheets, Mo.Sup., 236 S.W.2d 286. The appeal here is not specifically authorized by Section 512.020, supra. Nor does the judgment finally dispose of all the issues

in the case. Petitioners' appeal is premature.

The appeal is dismissed and the cause remanded for such further proceedings as. may be proper.

WOLFE, P. J., and RUDDY, J., concur.