**Worrien WILSON, Plaintiff-Respondent,**

v.

**BI-STATE DEVELOPMENT AGENCY,
Defendant-Appellant.**

**No. 44814.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 23, 1982.

Alif A. Williams, St. Louis, for defendant-appellant.

Roy A. Walther, III, St. Louis, for plaintiff-respondent.

CRIST, Judge.

Vehicular rear-end collision case.

Plaintiff alleged defendant's bus rear-ended her car. Defendant alleged plaintiff swerved her car into the traffic lane traveled by defendant's bus and made a sudden stop. The jury found for the defendant. The trial court granted plaintiff's motion for new trial because of a defective contributory negligence instruction.

■ Defendant asserts error in the court's granting plaintiff's motion for new trial. It argues plaintiff's motion was defective in that plaintiff failed to specifically set out in her motion wherein and why the contributory negligence was prejudicially erroneous as required in Rule 78.07. We disagree. The legal file shows plaintiff specifically and properly alleged in her motion for new trial the following:

"(a) The word 'such negligence directly caused or contributed to cause ...' was an impermissible deviation from M.A.I. 19.01 and M.A.I. 32.01 and was prejudicial to plaintiff in omitting the word 'direct' before the word 'contributed' and as such would allow the jury to find for defendant even if her contributory negligence did not *directly* contribute to cause her damages."

We find those words precisely state why plaintiff was entitled to a new trial. *See Meredith v. Missouri Pacific Railroad Company,* 467 S.W.2d 79 (Mo.1971).

■ While plaintiff was entitled to a new trial, as above stated, there is another reason to deny defendant's appeal. The contributory negligence instruction complained of was not set forth in full in the argument portion of defendant's brief. Rule 84.04(e).

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.