Clayton C. MAUPIN and Mary Lou
Maupin, his wife,
Plaintiffs-Respondents,

v.

David L. BEARDEN and Sharon K.
Bearden, his wife,
Defendants-Appellants.

No. 14442.

Missouri Court of Appeals,
Southern District,
Division Two.

April 18, 1986.

Cynthia A. Goforth, Robert M. Ramshur
& Assoc., P.C., Piedmont, for plaintiffs-respondents.

Janet K. Brown, Greenville, for defendants-appellants.

PREWITT, Chief Judge.

Plaintiffs own real property which adjoins property owned by the defendants. Under § 228.340, RSMo 1978, plaintiffs sought a "way of strict necessity" over defendants' property to a public road. Commissioners were appointed to locate the "private" road and assess defendants' damages. Their report assessed damages at $4,500. After plaintiffs' objection by motion to the damages found by the commissioners, the trial court entered a "judg-

ment" establishing the roadway and granting defendants $2,000 in damages.

Defendants then filed a motion asking that the judgment be set aside and "either" new commissioners be appointed, a jury be allowed to determine defendants' damages, or that a judgment be entered "in accordance with the Commissioners findings". The trial court denied the motion and defendants appealed.

Among the assertions briefed by defendants are that the trial court erred in not awarding them $4,500, the amount of damages awarded by the commissioners, or in not allowing a jury to assess the damages. The Commissioners' "Report of Findings and Recommendations" stated in part:

> 2. That the assessment of the items of damages sustained by David L. Bearden and Sharon K. Bearden are as follows:
>
> a. We have set a price of $1,000.00 for the land to be used.
>
> b. We feel that the location of the proposed road makes the erection of a fence necessary. The defendants should be re-imbursed for 1,161 feet of fence they now have on their east line and which cannot be moved as it is a common fence and a new fence will be needed to insure ready access to the plaintiffs. We have checked for prices and have arrived at an estimated cost of $1,000.00, including labor for this fence.
>
> c. We also feel that the defendants will have the nuisance of use, dust, noise, etc. from now on and since they do not have such a nuisance now should be re-imbursed for it as it will lower the value of their land, and we feel that they are entitled to a one-time sum of $2,500.00 for such damages.
>
> TOTAL COSTS AND DAMAGES .... $4,500.00

■ Allowing for a roadway "of strict necessity" in this situation is statutory. Although those statutes should be strictly construed, *Hollars v. Church of God of Apostolic Faith*, 596 S.W.2d 73, 74 (Mo. App.1980), the law favors a construction that produces a reasonable result in accordance with the legislative objective. *State ex rel. Tri-City Construction Co. v. Marsh*, 668 S.W.2d 148, 153 (Mo.App.1984).

Section 228.370, RSMo 1978, states that the "commissioners shall file a report of their findings and recommendations with the clerk of the court.... The cause, so filed with the clerk, together with the report of the commissioners, shall be docketed and shall be before the court for its consideration at its next term".

After the report of the commissioners is made, if "the proceedings have been regular, and no objections have been made thereto, the circuit court shall order that the road be established according to the report, and render judgment against the petitioner in favor of each owner of real estate for the amount of damages assessed in his favor by the commissioners". § 228.380, RSMo 1978.

■ Objections allowable under § 228.-380, RSMo 1978, include objections to the amount of damages assessed by the commissioners. *Madison v. Sheets*, 361 Mo. 712, 236 S.W.2d 286, 288 (1951). If objections are interposed to the report of the commissioners, a hearing is contemplated. Id. The language in *Madison* indicates that the objections allowed include more than just that stated in § 228.400, RSMo 1978. That section provides in part:

> If any person through whose land such road passes shall object on account of the amount of damages awarded to him, and shall file written exceptions thereto within ten days after the date on which the report of the commissioners is filed, an issue shall be made up in said court and a jury sworn to determine the amount of damages.

Neither § 228.400, nor any related section, gives the plaintiffs a right to a trial to have damages determined. There would be no reason to allow a party, except perhaps a defendant seeking a jury trial, to file objections regarding the damages assessed or allow the trial court to hold a hearing if it was powerless to change the

report of the commissioners and had no choice but to enter judgment for the amount they specified. Similarly, the statutes would not refer to the commissioners' report as containing "recommendations" and it would not be for the trial judge's "consideration", see § 228.370, if the trial judge was required to follow it. We conclude that the trial court had authority to reject or change, in whole or in part, the result called for by the commissioners' report.

It must be presumed, absent a different showing, that the trial judge had a justifiable basis for declining to follow the commissioners' report. Appellate courts presume that the trial court's action was correct. *Hardy v. McNary,* 351 S.W.2d 17, 20 (Mo.1961). There is no transcript here of the hearing on plaintiffs' motion and there is nothing in the record to rebut that presumption.

The trial court was not required to appoint new commissioners. Section 228.390, RSMo 1978, provides that "new commissioners may" be appointed if the trial court finds the proceedings irregular.

 The trial court's order apparently rejected a portion of the commissioners' report and in effect caused a new or amended report to be filed. To provide defendants the right of jury trial granted them by § 228.400, the trial court's order should be treated as the filing of a new report as of the date of the order. Defendants' motion filed within ten days thereafter requested a jury trial. Thus, defendants are entitled to a jury trial on the amount of damages.

■ As damages have not been determined there is no final judgment. The purported judgment is an interlocutory order from which no appeal may be taken. Where damages remain to be finally determined in the trial court, its orders under §§ 228.340–.480, RSMo 1978, are not appealable. *Daniels v. Richardson,* 665 S.W.2d 76, 77 (Mo.App.1984). See also *Madison v. Sheets,* supra, 236 S.W.2d at 288.

As defendants are entitled to a jury trial to assess their damages, there can be no appeal at this time. The appeal is dismissed and the cause remanded to the trial court to proceed in accordance with this opinion.

HOGAN, P.J., and MAUS and CROW, JJ., concur.