Clayton C. MAUPIN, Jr. and Mary Lou Maupin, husband and wife, Plaintiffs–Appellants,

v.

David L. BEARDEN and Sharon K. Bearden, husband and wife, Defendants–Respondents.

No. 15390.

Missouri Court of Appeals, Southern District, Division Two.

May 4, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 20, 1988.

Application to Transfer Denied July 26, 1988.

Robert M. Ramshur, Ramshur and Goforth, Piedmont, for plaintiffs-appellants.

Janet K. Brown, Greenville, for defendants-respondents.

PER CURIAM:

Following jury trial plaintiffs appeal from a judgment awarding defendants $5000 in damages. The facts and nature of this action are set forth in two earlier appeals. *Maupin v. Bearden,* 643 S.W.2d 860 (Mo.App.1982); *Maupin v. Bearden,* 708 S.W.2d 799 (Mo.App.1986).

The statement of facts in appellants' brief has no references to the legal file or transcript. In the argument section of the brief there is no reference to the legal file and only one reference to the transcript, quoting a portion of defendants' attorneys closing argument. Rule 84.04(h) states: **"Page References in Briefs.** All statements of fact and argument shall have specific page references to the legal file or the transcript." The violation of this rule justifies denying the appeal. *Cribbs v. Keystone American Service Corp.*, 572 S.W.2d 637, 638 (Mo.App.1978); *Stephan v. World Wide Sports, Inc.*, 539 S.W.2d 591, 592 (Mo.App.1976).

Although both points in appellants' brief claim that an instruction was erroneous, that instruction is not set forth in the argument portion of the brief or otherwise included in the brief. Rule 84.04(e) states in part that "[i]f a point relates to the giving, refusal or modification of an instruction such instruction shall be set forth in full in the argument portion of the brief." Failing to set forth an instruction in the brief as required by Rule 84.04(e) does not preserve a contention regarding the instruction for appellate review. *Wilson v. Bi–State Development Agency*, 642 S.W.2d 702 (Mo.App.1982); *Stegan v. H.W. Freeman Const. Co.*, 637 S.W.2d 794, 797 (Mo. App.1982).

As nothing has been preserved for appellate review and no plain error is present, the judgment is affirmed.

All concur.